J-S76040-14

2015 PA Super 38

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KYLA A. HOLLINGSHEAD, | |
| Appellant | No. 1294 WDA 2014 |

Appeal from the Judgment of Sentence of December 9, 2013
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001252-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA and OLSON, JJ.

OPINION BY OLSON, J.:                    **FILED FEBRUARY 19, 2015**

Appellant, Kyla A. Hollingshead, appeals from the judgment of sentenced entered on December 9, 2013, as made final by the order entered on July 30, 2014 which designated her a sexually violent predator ("SVP"). We affirm.

The factual background of this case is as follows.  In August 2010, Appellant was hired by Altoona Area High School to serve as an assistant coach of the girls' soccer team.  In October 2010, Appellant began a romantic relationship with a 15-year-old player on the team.  In October 2012, Appellant began a romantic relationship with a 16-year-old player on the team.  Eventually, both relationships led to sexual contact between Appellant and the players.

The procedural history of this case is as follows. On June 21, 2013, Appellant was charged via criminal information with two counts of corruption of minors[1] and one count of institutional sexual assault.[2] On December 9, 2013, Appellant pled guilty to one count of corruption of minors and institutional sexual assault. She was immediately sentenced to 60 days to 23½ months' imprisonment followed by 30 months' probation. The trial court also ordered that the Sexual Offender Assessment Board ("SOAB") evaluate Appellant to determine if she met the criteria to be classified as an SVP.

On March 17, 2014, the Commonwealth filed a praecipe for an SVP hearing, which occurred on June 3, 2014. Corrine Scheuneman, MA, LPC, a member of the SOAB, testified on behalf of the Commonwealth and Dr. Timothy Foley testified on behalf of Appellant. After considering post-hearing briefs, the trial court designated Appellant an SVP, and issued an opinion explaining its rationale. This timely appeal followed.[3]

Appellant presents one issue for our review:

---

[1] 18 Pa.C.S.A. § 6301(a)(1).

[2] 18 Pa.C.S.A. § 3124.2(a)(2.1).

[3] On August 18, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On August 19, 2014, Appellant filed her concise statement. On August 21, 2014, the trial court issued a statement adopting its opinion of July 30, 2014. Appellant's lone issue on appeal was included in her concise statement.

[Did] the trial court err[] and/or abuse[] its discretion by classifying Appellant as a[n SVP?]

Appellant's Brief at 17 (complete capitalization removed).

Appellant challenges the sufficiency of the evidence relating to the trial court's SVP designation. Our standard and scope of review is well-settled:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Baker*, 24 A.3d 1006, 1033 (Pa. Super. 2011), *aff'd*, 78 A.3d 1044 (Pa. 2013) (citation omitted).

This Court has explained the SVP determination process as follows:

> After a person has been convicted of an offense listed in [42 Pa.C.S.A. § 9799.14], the trial [court] then orders an assessment to be done by the [SOAB] to help determine if that person should be classified as a[n SVP. An SVP] is defined as a person who has been convicted of a sexually violent offense . . . and who [has] a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. . . . Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is

required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Stephens*, 74 A.3d 1034, 1038–1039 (Pa. Super. 2013) (internal quotation marks, ellipsis, and citations omitted).

When performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S.A. § 9799.24(b).

Appellant concedes that her conduct was predatory. She argues, however, that the Commonwealth failed to prove that she suffers from a mental abnormality or personality disorder, as is required for an SVP determination. Appellant argues that the abnormality cited by Ms.

Scheuneman, hebephilia, is not a recognized mental disorder. Appellant argues that Ms. Scheuneman failed to cite the criteria used to make a hebephilia diagnosis and explain how the particular facts of this case met those criteria and resulted in a hebephilia diagnosis. Appellant also contends that Dr. Foley's testimony demonstrated that she does not suffer from a mental abnormality.

Hebephilia is not a listed disorder in the fourth (text revision) and/or fifth edition of the Diagnostic and Statistical Manual of Mental Disorders (collectively "DSM").[4] **See Illinois v. New (In re Detention of New)**, 21 N.E.3d 406, 409-410 (Ill. 2014) (citation omitted). Ms. Scheuneman testified that hebephilia is a paraphilia not otherwise specified in the DSM. Appellant concedes that "[t]he statute does not require proof of a standard of diagnosis that is commonly found and/or accepted in a mental health diagnostic paradigm." **Commonwealth v. Lee**, 935 A.2d 865, 884 (Pa. 2007) (citation omitted); **see** Appellant's Brief at 23. Nonetheless, she argues that Ms. Scheuneman did not base her diagnosis on "reliable diagnostic or written criterion." **Id.** In support of this argument, Appellant cites to Ms. Scheuneman's testimony that individuals with hebephilia are

---

[4] The DSM is a "categorical classification system that divides mental disorders into types based on criteria sets with defining features. According to [both experts], the DSM is an authoritative compilation of information about mental disorders and represents the best consensus of the psychiatric profession on how to diagnose mental disorders." **Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n**, 2014 WL 6651201, *3 n.1 (Tex. App. Nov. 21, 2014) (citation omitted).

attracted to victims in different age ranges. Ms. Scheuneman testified that generally individuals with hebephilia are sexually attracted to 13-15 year olds but some individuals with the disorder are attracted to 13-16 year olds and others are attracted to 11-14 year olds.

Appellant's argument misconstrues Ms. Scheuneman's testimony. Ms. Scheuneman testified that the diagnostic criteria for hebephilia are attraction to young people because of the intersection of the young person's innocence and vulnerability, and the emergence of secondary sexual characteristics. N.T., 6/3/14, at 16-17. The age brackets mentioned by Ms. Scheuneman, and relied upon by Appellant on appeal, were merely general guides as to when the innocence and vulnerability of a young person might intersect with the emergence of secondary sexual characteristics. Thus, these age brackets were not the diagnostic criteria relied upon by Ms. Scheuneman. Accordingly, Appellant's attack on the varying age ranges is without merit.

Ms. Scheuneman explained how the application of those criteria to the specific factual circumstances of this case led her to conclude that Appellant has hebephilia. Specifically, she testified that Appellant relied upon the victims' innocence and vulnerability by threatening to commit suicide if their relationships ended. Furthermore, she testified that Appellant told the victims that the relationships needed to be kept secret. Appellant groomed the students, again relying on their innocence and vulnerability, by giving them gifts, watching movies together, and similar activities.

Ms. Scheuneman also testified regarding Appellant's interest in the secondary sexual characteristics of the victims, and other young people. Specifically, she testified regarding prior incidents involving young people of similar sexual maturity. **See** N.T., 6/3/14, at 23-26. Furthermore, the sexual activity between Appellant and the victims evidenced her interest in the secondary sexual characteristics of the victims. Thus, when viewed in the light most favorable to the Commonwealth, Ms. Scheuneman's testimony provided sufficient evidence for the trial court to conclude that Appellant suffered from hebephilia.

Appellant next contends that even if she has hebephilia, a hebephilia diagnosis is insufficient to satisfy the mental abnormality or personality disorder requirement. In support of this argument, Appellant cites Allen Frances and Michael B. First, *Hebephilia Is Not a Mental Disorder in DSM-IV-TR and Should Not Become One in DSM-5*, 39:1 J. Am. Acad. Psych. L. 78-85 (2011). Our Supreme Court has never considered a case in which the trial court relied upon a hebephilia diagnosis in order to find a mental abnormality. This Court, however, has considered a hebephilia diagnosis on one occasion. **See Commonwealth v. Plucinski**, 868 A.2d 20 (Pa. Super. 2005).

In **Plucinski**, this Court did not decide whether hebephilia was a sufficient diagnosis for purposes of an SVP determination. Instead, this Court found that there was insufficient evidence to support the trial court's

SVP determination because the Commonwealth's expert's own testimony "call[ed] into question the identification of hebephilia as the primary impetus for [Plucinski's] behavior." **Id.** at 27 (internal quotation marks omitted). Instead, the lack of sexual intercourse between Plucinski and his wife led to Plucinski seeing his step-daughter as a sexual outlet. **Id.** This testimony severed the necessary link between a mental disorder and the likelihood of Plucinski's involvement in predatory sexual behavior.

Furthermore, **Plucinski** is distinguishable from the case at bar because several statutory factors were not present in that case. For example, Plucinski did not use unnecessary means in his crime and he had a single victim. **Id.** As discussed more fully below, the trial court in this case found that both of these factors weigh in favor of an SVP determination. Accordingly, our rejection of the hebephilia diagnosis in **Plucinski** was a fact-intensive determination and has little bearing on Appellant's broad attack on the use of hebephilia diagnoses in SVP proceedings.[5]

Instead, we find instructive decisions from our sister states. In **New York v. Shannon S.**, 980 N.E.2d 510, 514–515 (N.Y. 2012), the Court of Appeals of New York (New York's court of last resort) held that a hebephilia diagnosis was sufficient to sustain the trial court's finding of a mental

---

[5] Furthermore, this Court has since noted that our "Supreme Court in [**Commonwealth v. Meals**, 912 A.2d 213 (Pa. 2006)] disapproved this Court's re-weighing of the [statutory] factors [as this Court did in **Plucinski**]." **Commonwealth v. Morgan**, 16 A.3d 1165, 1173 (Pa. Super. 2011), *appeal denied*, 38 A.3d 824 (Pa. 2012).

abnormality. In **Shannon S.**, the defendant made the same argument as is advanced by Appellant in the case at bar – "hebephilia is neither abnormal nor deviant as most [individuals] are sexually attracted to fully formed pubescent [individuals of the opposite sex]." **Id.** at 513 (internal quotation marks omitted). The Court of Appeals rejected that argument and held that an individual with hebephilia has a mental abnormality. It concluded that, under the facts of **Shannon S.**, the state had proven by clear and convincing evidence that Shannon S. had "a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses[.]" **Id.** at 515 (citations omitted).

Likewise, in **Wamstad v. Corman (In re Corman)**, 845 N.W.2d 335, 340 (N.D. 2014), the defendant argued that "hebephilia is not a mental disorder and will not be included in the DSM–5." Thus, Corman contended that the hebephilia diagnosis was insufficient to find that he "ha[d] a congenital or acquired condition that [wa]s manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction." **Id.** (citations omitted). The Supreme Court of North Dakota rejected Corman's argument and held the evidence was sufficient to find that he suffered from a mental disorder. **Id.** It relied upon the state's expert witness' testimony and the fact that Corman's interest in young people had manifested itself on multiple occasions over several years. **Id.** at 341. The same is true in the

case at bar. As noted above, Ms. Scheuneman testified regarding prior incidents involving Appellant and pubescent young people.

Similarly, in **Massachusetts v. McKinley**, 5 N.E.3d 2 (table) (Mass. App. Ct. 2014) (*per curiam*), the defendant argued the evidence was insufficient to prove that he had a mental abnormality. As in the case at bar, the Commonwealth's expert in **McKinley** testified that the defendant suffered from a paraphilia not otherwise specified in the DSM. Specifically, she testified that McKinley suffered from hebephilia. Also, as in the case at bar, McKinley argued that the debate within the scientific community regarding hebephilia precluded a finding that he suffered from a mental abnormality. The appellate court rejected that argument and held that the scientific debate regarding hebephilia went to the weight of the evidence – not its sufficiency. Thus, it concluded that the Commonwealth's expert's diagnosis of hebephilia was sufficient to find that the defendant had a mental abnormality.

The federal appellate courts have also held that hebephilia can be a "serious mental illness, abnormality, or disorder." 18 U.S.C. § 4247(a)(6). For example, in **United States v. Carta**, 592 F.3d 34, 38 (1st Cir. 2010), the defendant's expert "asserted that hebephilia was not a generally accepted diagnosis in the mental health community, did not fit within the DSM definition of paraphilia[,] lacked diagnostic criteria[,] and could not be consistently defined." The United States Court of Appeals for the First

Circuit rejected that argument, and held that a diagnosis of paraphilia not otherwise specified – hebephilia was sufficient to find the defendant had a mental abnormality or disorder. *Id.* at 40. Relying on *Carta*, the United States Court of Appeals for the Fourth Circuit also held "that hebephilia, as colloquially understood, is a § 4247(a)(6) illness, abnormality, or disorder." *United States v. Caporale*, 701 F.3d 128, 137 n.4 (4th Cir. 2012) (internal quotation marks omitted).

We agree with these courts that the debate surrounding hebephilia diagnoses, and their use in SVP proceedings, goes to the weight of the expert witness' testimony.[6] In this case, Appellant does not challenge the weight of the evidence. Rather, she challenges whether the evidence was sufficient to conclude that she is an SVP. Therefore, we hold that a trial court may conclude, based upon the expert testimony and facts in a given case, that a hebephilia diagnosis is sufficient to find a defendant has a mental abnormality. In this case, the trial court credited Ms. Scheuneman's testimony regarding hebephilia. Therefore, the trial court's finding that Appellant suffered from a mental abnormality is supported by the record.

---

[6] We recognize that at least one jurisdiction has refused to hold that hebephilia can be used to support a finding of a mental abnormality. In *New* the Supreme Court of Illinois held that a *Frye* hearing was required prior to determining if a hebephilia diagnosis was sufficient to involuntarily commit a sexual predator. *New*, 21 N.E.3d at 412-417. In this case, however, Appellant did not seek a *Frye* hearing before the trial court. Accordingly, any argument that a *Frye* hearing should have been conducted is waived. *See* Pa.R.A.P. 302(a).

Having determined that a hebephilia diagnosis is sufficient for the trial court to find a mental abnormality, we next turn to the trial court's consideration of the 15 statutory factors. As to the first factor, the offense involved multiple victims. As to the second factor, the trial court found that Appellant slightly exceeded the means necessary to achieve the offense. "Specifically, [Appellant] offered the victims favors, special time with her[,] and gifts of jewelry." Trial Court Opinion, 7/30/14, at 5. As to the third factor, the nature of the sexual conduct was oral sex.

As to the fourth factor, Appellant served as the assistant coach on the girls' soccer team at Altoona High School and the victims were members of that team. The trial court found that Appellant "used that relationship to exploit their trust[.]" *Id.* at 6. As to the fifth factor, the victims were 15 and 16 years old at the time of the offenses. As to the sixth factor, the trial court found that Appellant did not display unusual cruelty during the commission of the offense. As to the seventh factor, the trial court found that Appellant used one of the victim's emotional vulnerability to manipulate her. As to the eighth, ninth, and tenth factors, Appellant had no prior criminal history.

As to the eleventh factor, Appellant was 22 years old at the time of the offense. As to the twelfth factor, there is no evidence that Appellant used illegal drugs. As to the thirteenth factor, as discussed in greater detail above, the trial court found that Appellant suffered from a mental

abnormality, *i.e.*, hebephilia. As to the fourteenth factor, the trial court found that Appellant groomed her victims. As to the final factor, the trial court found no other circumstances relevant to the SVP inquiry.

Appellant argues that Dr. Foley's testimony proves that she is not an SVP. We, as an appellate court, are required to view the evidence in the light most favorable to the Commonwealth when reviewing the sufficiency of the evidence for an SVP determination. The trial court made a credibility determination and chose to believe Ms. Scheuneman over Dr. Foley. We may not disturb that credibility determination. When viewed in the light most favorable to the Commonwealth, the evidence is sufficient to support the trial court's SVP determination.

To the extent that Appellant argues that the trial court erred as a matter of law by discrediting Dr. Foley's testimony, we find that argument likewise to be without merit. The trial court found Dr. Foley's report to be lacking and his focus on the risk of recidivism to be misplaced. This was legally correct as "the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element." **Stephens**, 74 A.3d at 1039 (citation omitted).

In sum, the trial court carefully weighed all of the statutorily mandated factors and concluded that the evidence proved, by clear and convincing evidence, that Appellant is an SVP. We ascertain no error of law or abuse of

discretion in this determination.  Accordingly, we affirm the order of the trial court designating Appellant a sexually violent predator.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/19/2015