J-A14015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH ELWOOD SPRIGGLE, | |
| Appellant | No. 1839 MDA 2014 |

Appeal from the Judgment of Sentence October 15, 2014
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000055-2014

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 06, 2015**

Appellant, Kenneth Elwood Spriggle, appeals from the judgment of sentence imposed following his guilty plea to two counts of Rape of a Child, 18 Pa.C.S. § 3121(c).  Specifically, Appellant challenges his classification as a Sexually Violent Predator (SVP).  After careful review, we affirm.

Appellant engaged in oral, vaginal, and anal sex on multiple occasions with the female victim, beginning when the victim was 9 years old.  The victim came forward to report the crimes in November of 2013, when she was 14 years old.  In January 2014, police intercepted a phone call between the victim and Appellant, during which the victim mentioned having sex with Appellant six times.  Appellant neither denied nor refuted the victim's

_____

[*] Retired Senior Judge assigned to the Superior Court.

statements during that phone call. Later, Appellant admitted to investigators that he had sex with the victim on multiple occasions.

Appellant entered a guilty plea to the aforementioned charges on July 14, 2014.[1] Consequently, the trial court ordered an assessment by the Sexual Offenders Assessment Board (SOAB) pursuant to 42 Pa.C.S. § 9799.24 (a) ("After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board."). SOAB member C. Townsend Velkoff, M.S., conducted Appellant's assessment in this case and filed his report (hereinafter, "SOAB Report") with the trial court. In that report, Velkoff concluded that Appellant meets the statutory criteria of an SVP.

An SVP hearing was conducted on October 15, 2014, where Velkoff was the only testifying witness. Following the hearing, the trial court found "by clear and convincing evidence that [Appellant] is a[n] [SVP]." Order, 10/15/14, at 1 (single page); *see also* N.T., 10/15/14, at 28 ("Based on the testimony this morning by Mr. Velkoff, based … [on] his report, which has been admitted in to [*sic*] evidence, the [c]ourt does find that [Appellant]

---

[1] That same day, 29 other charges were dismissed by the trial court. The record does not indicate whether the charges were dismissed pursuant to a negotiated plea agreement; however, given the timing of the charges' dismissal, we can reasonably assume that they were dismissed on that basis.

does meet the criteria for a[n] [SVP].").   Appellant was subsequently sentenced the same day to an aggregate term of 12-40 years' incarceration.

Appellant filed a timely notice of appeal on October 31, 2014, and a timely, court-ordered Pa.R.A.P. 1925(b) statement on November 21, 2014, in which he solely challenged his designation as an SVP.   The trial court issued its Rule 1925(a) opinion on December 2, 1014, therein incorporating its reasoning for the SVP designation from the SVP hearing.

Appellant now presents the following question for our review: "Did the trial court err when it found … Appellant … to be a[n] [SVP], pursuant to 42 Pa.C.S. § 9792, by clear and convincing evidence"?  Appellant's Brief, at 2.

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP].  As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth.  We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

***Commonwealth v. Hollingshead***, 111 A.3d 186, 189 (Pa. Super. 2015) (quoting ***Commonwealth v. Baker***, 24 A.3d 1006, 1033 (Pa. Super. 2011)).

> This Court has explained the SVP determination process as follows:
>
>> After a person has been convicted of an offense listed in [42 Pa.C.S.A. § 9799.14], the trial [court] then orders an assessment to be done by the [SOAB] to help determine if that person should be classified as a[n SVP. An SVP] is defined as a person who has been convicted of a sexually violent offense ... and who [has] a mental abnormality or

- 3 -

personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory.... Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Stephens*, 74 A.3d 1034, 1038–1039 (Pa. Super. 2013) (internal quotation marks, ellipsis, and citations omitted).

*Hollingshead*, 111 A.3d at 189-90.

Finally,

[w]hen performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S.A. § 9799.24(b).

*Hollingshead*, 111 A.3d at 190.

The essence of Appellant's claim is distilled in this portion of his argument:

> Of all the testimony presented by Mr. Velkoff, the only issues that trended in the direction of … Appellant being adjudicated [as an] SVP were the age of the victim and the fact that … Appellant suffered from bipolar disorder. When pressed on whether these were the only dispositive issues for Mr. Velkoff's opinion, he admitted that the vast majority of the factors indicated that the Appellant was not a[n] SVP, but that the age of the victim, and in particular that she was prepubescent, were of particular concern to him. He later admitted that he had no specific knowledge as to whether the victim was prepubescent in reality or not.

Appellant's Brief, at 7.

Appellant's factual premise is flawed and unsupported by the record. Appellant's bi-polar disorder was not the "mental abnormality or personality disorder" that provided the basis for Velkoff's opinion that Appellant met the criteria for an SVP. Velkoff determined that Appellant met the diagnostic criteria for pedophilia. N.T., 10/15/14, at 13; *see also* SOAB Report, at 6 ("This board member finds that [Appellant] does meet diagnostic criteria for Pedophilic Disorder as defined in the DSM5").

Additionally, Appellant overlooks at least one factor tending to support his designation as an SVP—"the nature of the sexual contact with the victim." *Hollingshead*, 111 A.3d at 190; 42 Pa.C.S. § 9799.24(b)(1)(iii). In relation to this factor, the SOAB Report states:

> [Appellant] admitted that he engaged in penile/vaginal sexual intercourse and anal intercourse with the victim. [Appellant]

acknowledged that he also performed cunnilingus on the victim and had the victim perform fellatio on him. [Appellant] indicated that this sexual activity occurred between 5 and 10 times over the course of the instant offense.

SOAB Report, at 5. Relatedly, the SOAB Report indicates that these sexual acts occurred over several years, beginning just before the victim turned 10 years old, and ending just before she turned 13 years old. Thus, Appellant's assertion that Velkoff's opinion was based solely on Appellant's bi-polar diagnosis and the age of the victim is simply unfounded.

Appellant also contends that his case is similar to that of *Commonwealth v. Merolla*, 909 A.2d 337 (Pa. Super. 2006). In that case, the Commonwealth appealed from the trial court's determination that Merolla was not an SVP. Both the Commonwealth and Merolla presented expert witnesses at an SVP hearing, experts who respectively testified that Merolla was, and was not, an SVP. The trial court concluded that the Commonwealth's expert's testimony was not credible. We affirmed the trial court, noting that "it is for the court to determine if a defendant is an SVP, and a fact-finder is free to believe all, part or none of the evidence presented." *Merolla*, 909 A.2d at 344.

In the present case, by contrast, the trial court found credible the Commonwealth's expert's report and related testimony recommending that Appellant be designated as an SVP. That evidence demonstrated by clear and convincing evidence that Appellant suffered from a mental condition that predisposes him to perform criminal sexual acts (Pedophilic Disorder), and that his cultivation of a sexual relationship with a pre-teen girl constitutes

predatory behavior. Furthermore, Appellant did not present any witnesses or evidence to contradict the Commonwealth's evidence in that regard. Thus, **Merolla** does not support Appellant's argument(s). Consequently, we conclude that Appellant's claim—that the trial erred when it found him to be an SVP—lacks merit.

Judgement of Sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015