J-S43014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MADELINE RODRIGUEZ, | |
| Appellant | No. 2329 EDA 2014 |

Appeal from the Judgment of Sentence of July 7, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000946-2014

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 19, 2015**

Appellant, Madeline Rodriguez, appeals from the judgment of sentence entered on July 7, 2014.  We affirm.

The relevant factual background and procedural history of this case are as follows.  On September 28, 2013, Appellant was operating a vehicle that was stopped in the right hand lane.  The vehicle's passenger, William Gonzalez, exited the vehicle and placed a bag of trash in a dumpster at an apartment building.  Officer Samuel Elias thereafter initiated a traffic stop of Appellant's vehicle to investigate the possibility of illegal dumping.  Officer Elias asked for Appellant's license, registration, and proof of insurance and William Gonzalez's identification.  Appellant gave Officer Elias a false name. She eventually admitted that her license was suspended because of a past DUI conviction.

On April 29, 2014, Appellant was charged via criminal information with false identification to law enforcement[1] and driving while license suspended – DUI related.[2]  On July 7, 2014, Appellant filed a suppression motion.  After a suppression hearing, the trial court orally denied the motion.  That same day, Appellant proceeded to a bench trial.  She was convicted of driving while license suspended – DUI related.  The false identification to law enforcement charge was dismissed.  Appellant was immediately sentenced to 60 days' imprisonment.  On July 9, 2014, the trial court issued findings of fact and conclusions of law as to its denial of Appellant's suppression motion.  This timely appeal followed.[3]

Appellant presents one issue for our review:

Whether the lower court abused its discretion in denying [Appellant's] motion to suppress physical evidence, where police exceeded [the] scope of [a] *Terry*[4] stop, by subjecting Appellant to an investigative detention without the required reasonable suspicion of unlawful activity with respect to Appellant in violation of Appellant's rights under the Fourth

---

[1] 18 Pa.C.S.A. § 4914(a).

[2] 75 Pa.C.S.A. § 1543(b)(1).

[3] On October 2, 2014, this Court dismissed the appeal for failure to file a docketing statement as required by Pennsylvania Rule of Appellate Procedure 3517.  On October 31, 2014, Appellant moved to reinstate the appeal.  On November 6, 2014, this Court granted Appellant's motion and reinstated her appeal.

[4] *See Terry v. Ohio*, 392 U.S. 1 (1968).

Amendment and Article 1, Section 8 of the Pennsylvania Constitution?

Appellant's Brief at 2-3.

Prior to addressing the merits of this appeal, we must first address whether Appellant preserved her lone issue for our review. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); **Commonwealth v. Hollingshead**, 111 A.3d 186 (Pa. Super. 2014). In her motion to suppress, Appellant argued:

> [Appellant] was stop[ped] without a warrant and it is believed without reasonable suspicion on September 28, 2013. The 4th [A]mendment of the United States Constitution protects motorists from unreasonable searches and seizures. 75 Pa.C.S.[A. §] 6308(b) allows traffic stops based upon reasonable suspicion that a violation of the Motor Vehicle Code is happening. [Appellant] believes and therefore avers that there was nothing to suggest a violation of the Motor Vehicle Code was occurring and therefore the stop was illegal and all evidence obtained therein should be excluded.

Motion to Suppress, 7/7/14, at 1 (paragraph numbers and breaks omitted);[5]

**see** N.T., 7/7/14, at 2-29.

---

[5] As this Court has stated:
> A police officer has the authority to stop a vehicle when he or she has reasonable suspicion that a violation of the [Motor V]ehicle [C]ode has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. However, if the violation is such that it requires no additional investigation, the officer must have probable cause to initiate the stop.

**Commonwealth v. Brown**, 64 A.3d 1101, 1105 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1096 (Pa. 2013) (citations omitted; emphasis removed).

On appeal, Appellant concedes that "reasonable suspicion [existed] that either theft of services or illegal dumping was occurring" by Appellant's passenger, William Gonzalez. Appellant's Brief at 5. However, she argues that Officer Elias' request for her license was an unrelated inquiry which measurably extended the traffic stop and therefore required separate reasonable suspicion. *See Rodriguez v. United States*, 135 S.Ct. 1609, 1615 (2015). This argument was not made before the trial court and the trial court never addressed it in (1) its oral ruling on the suppression motion; (2) its written findings of fact and conclusions of law; or (3) its Rule 1925(a) opinion. Accordingly, Appellant's lone issue on appeal is waived.[6]

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2015

---

[6] Even if we concluded that Appellant preserved her lone issue for our review, we would conclude that it is without merit. As noted above, Appellant concedes that Officer Elias had reasonable suspicion to stop her vehicle in order to investigate Mr. Gonzalez for illegal dumping. It is well-settled that police may request that both the driver and the passenger provide identification during a lawful stop. *See Commonwealth v. Durr*, 32 A.3d 781, 784 (Pa. Super. 2011), *appeal denied*, 50 A.3d 691 (Pa. 2012); *see also Rodriguez*, 135 S.Ct. at 1615. Thus, Officer Elias' request for Appellant's driver's license was not an unrelated inquiry which unreasonably extended the traffic stop.