J-S06015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREG DARIN ERLER | |
| Appellant | No. 1065 MDA 2015 |

Appeal from the Judgment of Sentence April 22, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001975-2014

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 29, 2016**

Appellant, Greg Darin Erler, appeals from the judgment of sentence entered after he pled guilty to one count of involuntary deviate sexual intercourse with a child. In particular, Erler takes issue with the trial court's finding that he is a sexually violent predator ("SVP"), as he contends that the evidence could not support a finding that he suffers from a "mental abnormality or personality disorder" as required under 42 Pa.C.S.A. § 9799.12. After careful review, we affirm.

Erler's sole argument on appeal is that hebephilia is not a commonly accepted abnormality or personality disorder within the psychological community. Thus, he argues that the testimony of the expert from the

_____

[*] Former Justice specially assigned to the Superior Court.

Sexual Offenders Assessment Board that diagnosed Erler as suffering from hebephilia was insufficient to support the necessary finding. In the alternative, he argues, on the same grounds, that the SVP finding was against the weight of the evidence presented at the hearing.

Initially, we note that this Court has previously rejected Erler's sufficiency of the evidence argument. **See Commonwealth v. Hollingshead**, 111 A.3d 186, 193 (Pa. Super. 2015), **appeal denied**, 125 A.3d 1199 (Pa. 2015). In **Hollingshead**, we held that the appropriateness of hebephilia as a psychological diagnosis was an issue addressed to the weight of the evidence, and that such a diagnosis was sufficient to support a SVP finding. **See id**. We therefore turn to Erler's challenge to the weight of the evidence.

A review of the certified record indicates that Erler presented this issue to the trial court in his post-sentence motion. However, it is not included in his statement of matters complained of on appeal. The trial court ordered Erler to file his 1925(b) statement on June 19, 2015. In his statement, Erler raises only a challenge to the sufficiency of the evidence.

In **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005), our Supreme Court reaffirmed the bright-line rule announced in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), requiring appellants to require with trial court orders for a Rule 1925(b) statement. The decision in **Lord** made it clear that any issues not raised in a Rule 1925(b) statement

will be deemed waived. **See** 719 A.2d at 309. The **Castillo** Court expressly disapproved of prior decisions that carved out exceptions to that rule. **See** 888 A.2d at 780.

We recently reiterated the "automatic nature" of the waiver of issues for failure to comply with Rule 1925(b) and that "we are required to address the issue once it comes to our attention." **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). In **Presque Isle Downs**, the *en banc* panel examined Pennsylvania Supreme Court cases construing Rule 1925(b) and noted that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant" to that rule. **Id**. (citation omitted). Accordingly, Erler has waived this issue on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

As neither of Erler's issues on appeal merit relief, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2016