J-S12011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                                         :
             v.                           :
                                         :
                                         :
ANTHONY RICHARD MACHADO      :
                                         :
            Appellant          :    No. 1441 MDA 2022

Appeal from the Judgment of Sentence Entered April 19, 2022,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0003717-2021.

BEFORE: KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:     **FILED: JUNE 12, 2023**

Anthony Richard Machado appeals from the judgment of sentence entered following his open guilty plea to rape of a child, aggravated indecent assault of a child, unlawful contact with a minor, three counts of indecent assault, and corruption of minors.[1] He challenges the sufficiency of the evidence to support the trial court's determination that he is a sexually violent predator (SVP). We affirm.

On July 21, 2021, police filed a criminal complaint charging Machado with the above offenses. The complaint alleged that Machado engaged in multiple sexual acts with the 10-year-old victim from February to May of 2021.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 6318(a)(1), 3126(a)(7), and 6301(a)(1)(ii), respectively.

On April 19, 2022, Machado pled guilty to all charges. The trial court sentenced him to an aggregate term of 13 to 26 years of imprisonment. It directed Machado to register for the rest of his life under the Sex Offender Registration and Notification Act (SORNA). The court then ordered an assessment by the Sexual Offender Assessment Board (SOAB) to determine whether Machado should be classified as an SVP.

The case proceeded to a hearing to determine Machado's SVP status on August 30, 2022. The Commonwealth presented the testimony of Dr. Robert Stein, a member of the SOAB who was stipulated to be an expert in SVP assessments. Dr. Stein prepared a report concluding that Machado met the SVP criteria. Inherent to this conclusion, Dr. Stein found that Machado had "pedophilic disorder." *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 697–700 (5th ed. 2013) [hereinafter DSM-5]. Dr. Stein explained the basis for his finding:

> The case involved multiple acts of rape, digital penetration and sexual touching of a young girl. A single act of rape would make one strongly suggest this diagnosis, a series of acts confirms the diagnosis. The DSM-5, which is the manual for psychiatric disorders, indicates that a six month criterion is the definition of the course of conduct or the length of time that they want to see for that diagnosis.
>
> The six month criteri[on] is not met in this case, it was three to four months; however, the course of conduct is indicative, and this quote comes out of the DSM-5, sustained persistence in sexual attraction to children, unquote, as described by the acts themselves.
>
> There is enough in this case with the acts to define pedophilic disorder. If these acts had been a few acts of indecent touching, I probably would not have made that diagnosis. It's the

penetrative acts and repetitive nature of them even though it's short of six months, it makes me make that diagnosis.

N.T., 8/30/22, at 6.[2] Dr. Stein then explained that he found the requirements to be met in this case based on the victim's description of Machado's sexually abusive acts occurring as often as every other night from February to May of 2021, which is the period that Machado had access to the victim. On cross-examination, Dr. Stein agreed that he was bound by the DSM-5; he maintained that he found Machado to be an SVP based on the facts of this case.

_____

[2] The DSM-5 lists three criteria to diagnose pedophilic disorder:

    A. Over a period of at least 6 months, recurrent, intense sexually arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child or children (generally age 13 years or younger).

    B. The individual has acted on these sexual urges, or the sexual urges or fantasies cause marked distress or interpersonal difficulty.

    C. The individual is at least age 16 years and at least 5 years older than the child or children in Criterion A.

DSM-5 at 697. It goes on to explain:

The Criterion A clause, indicating that the signs or symptoms of pedophilia have persisted for 6 months or longer, is intended to ensure that the sexual attraction to children is not merely transient. However, the diagnosis may be made if there is clinical evidence of sustained persistence of the sexual attraction to children even if the 6-month duration cannot be precisely determined.

DSM-5 at 698.

Following argument, the trial court found Machado to be an SVP. Machado did not timely appeal. He then filed a petition for post-conviction collateral relief based on trial counsel's failure to file a requested appeal. The trial court reinstated Machado's right to file a direct appeal. On October 11, 2022, Machado filed a notice of appeal. As directed by the trial court, Machado filed a concise statement of errors complained of on appeal on November 2, 2022. The trial court entered an opinion in support of its SVP finding on December 27, 2022.

Machado raises one issue for review: "Did the trial court err in finding Mr. Machado was [an SVP] where the Commonwealth failed to present clear and convincing evidence to the support the [SVP] finding?" Machado's Brief at 6. Machado argues that the record in this case does not support a diagnosis of pedophilic disorder as defined in the DSM-5 because (1) his conduct with the victim did not last the required span of six months and (2) there was no clinical evidence from which Dr. Stein could infer that Machado had a sustained persistence of sexual attraction to children. Machado submits that the trial court should not have found him to be an SVP based on Dr. Stein's flawed report.

The Commonwealth responds that the SVP statute does not require strict compliance with the DSM-5 framework. Here, the Commonwealth argues that the evidence was sufficient because Dr. Stein concluded that Machado was an SVP.

This Court reviews a sufficiency challenge to an SVP designation with the following standard:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is an SVP. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

**Commonwealth v. Hollingshead**, 111 A.3d 186, 189 (Pa. Super. 2015) (brackets omitted) (quoting **Commonwealth v. Baker**, 24 A.3d 1006, 1033 (Pa. Super. 2011)).

The procedure for SVP assessments is set out in Section 9799.24 of the Judicial Code. After a defendant is convicted of a sexually violent offense (one that requires registration under SORNA), the court orders an assessment by the SOAB. 42 Pa.C.S.A. § 9799.24(a).[3] A member of the SOAB then assesses the defendant according to standards set by the SOAB, including examination of 15 statutorily prescribed factors. **Id.** § 9799.24(b). The SOAB gives a report of its assessment to the district attorney, who may then file a praecipe for a hearing to determine whether the defendant is an SVP. **Id.** § 9799.24(d), (e)(1). At the hearing, the Commonwealth bears the burden

---

[3] The statute contemplates that the entire SVP proceeding will occur after conviction and before sentencing. 42 Pa.C.S.A. § 9799.24(a), (e)(3). As Machado has not complained about the timing of the SVP hearing in his case, we need not address it further. **Cf. Commonwealth v. Whanger**, 30 A.3d 1212, 1214 (Pa. Super. 2011) (finding a defendant waived his claim that the language of a former SVP statute prohibited a post-sentence SVP hearing).

to prove by clear and convincing evidence that the defendant is an SVP. *Id.* § 9799.24(e)(3).

The statute defines several key terms. An SVP is, in relevant part, an individual convicted of a sexually violent offense "who is determined to be [an SVP] due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12. "Mental abnormality" means "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id.*

Notably, nothing in the statute requires the use of the DSM-5 or any specific assessment beyond the SOAB's own standards or consideration of the 15 factors in Section 9799.24(b). "The [SVP] statute does not require proof of a standard of diagnosis that is commonly found and/or accepted in a mental health diagnostic paradigm." *Commonwealth v. Dengler*, 890 A.2d 372, 383 (Pa. 2005).[4] Our courts have not required the Commonwealth's proof of each of the diagnostic criteria from the DSM to establish a mental abnormality or personality disorder. *See Commonwealth v. Meals*, 912 A.2d 213, 224–25 (Pa. 2006) (rejecting this Court's "assumption that an expert's diagnosis

---

[4] Tellingly, the defendant–appellant in *Dengler* argued **against** using the predecessor to the DSM-5 as an objective list of indicators of SVP status. *Dengler*, 890 A.2d at 380.

of pedophilia requires more than proof of sexual assaults upon children"). To the contrary, we do not re-weigh the considerations leading to an expert's conclusion that a defendant is an SVP; such a conclusion is itself sufficient evidence. *Id.* at 223–24.

Here, Dr. Stein concluded to a reasonable degree of professional certainty that Machado should be classified as an SVP based on Machado's repeated sexual acts over the four-month period he had access to the victim. N.T., 8/30/22, at 8. This was sufficient evidence. *Meals*, 912 A.2d at 223. While Machado could—and did—contest the basis for Dr. Stein's conclusion, the trial court was free to rely on Dr. Stein's assessment that Machado met the legal definition of a mental abnormality or personality disorder. The SVP statute did not require Dr. Stein to find each of the DSM-5 criteria for pedophilic disorder in making this assessment. *Dengler*, *supra*. Nor does Dr. Stein's deviation from the six-month requirement of the DSM-5 render his opinion insufficient to support the trial court's finding that Machado is an SVP. Machado's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2023