J-S27036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN KEITH MOREHART | : | |
| | : | |
| Appellant | : | No. 58 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 23, 2022
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000156-2021

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED NOVEMBER 08, 2023**

Brian Keith Morehart ("Morehart") appeals from the judgment of sentence[1] entered after his negotiated guilty plea to one count each of rape of a child and aggravated indecent assault of a child.[2] We affirm.

In 2021, the Commonwealth charged Morehart with fourteen offenses related to the 2014 on-going sexual abuse of his then eight-year-old daughter. **See** Trial Court Opinion, 3/6/23, at 1; N.T., 6/28/22, at 2, 5, 7-9. Morehart subsequently entered a negotiated guilty plea to the above-cited charges.

---

[1] Although Morehart purports to appeal from the order finding him to be a sexually violent predator ("SVP"), an appeal properly lies from the judgment of sentence of which the imposition of SVP status is a component. **See Commonwealth v. Harris,** 972 A.2d 1196, 1201 (Pa. Super. 2009). We have corrected the caption accordingly.

[2] **See** 18 Pa.C.S.A. §§ 3121(c), 3125(b).

*See* N.T., 6/28/22, at 1-11. Following the completion of a pre-sentence investigation report and an assessment by the sexual offender assessment board ("SOAB"), the trial court held the combined sentencing/SVP hearing. *See* N.T., 12/19/22, at 2, 25. SOAB assessor C. Townsend Velkoff ("Velkoff") testified Morehart met the criteria for a sexually violent predator. *See id*. at 3-7. The court sentenced Morehart, in accordance with the terms of the plea agreement, to an aggregate fifteen-to-forty-year term of incarceration, followed by three years of probation, and found that the Commonwealth had proved by clear and convincing evidence Morehart was an SVP. *See id*. at 31-32. Morehart did not file a post-sentence motion. This timely appeal followed.[3]

Morehart raises one issue for our review:

> Did the trial court err in finding that [Morehart] was a[n SVP] since the Commonwealth failed to prove by clear and convincing evidence that [Morehart] met the criteria to be classified as a[n SVP]?

Morehart's Brief at 4 (unnecessary capitalization omitted).

On appeal, Morehart challenges his SVP designation. *See* Morehart's Brief at 11-18. Morehart argues the trial court erred in designating him as an SVP because Velkoff's testimony regarding his assessment of the statutory

_____

[3] Morehart and the trial court complied with Pa.R.A.P. 1925. The Commonwealth did not file a brief on appeal.

factors and how he arrived at the conclusion that "Morehart was an SVP failed to meet the clear and convincing evidence standard." *Id.* at 11, 16-18.

In considering the evidence supporting an SVP designation, we recognize:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is an SVP. . . . [W]e view all evidence and reasonable inferences therefrom **in the light most favorable to the Commonwealth**. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015) (citation and brackets omitted, emphasis added); *see also Commonwealth v. Meals*, 912 A.2d 213, 219 (Pa. 2006) ("The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." (citation and brackets omitted)). We may not weigh the evidence or substitute our judgment for that of the trial court. *See Commonwealth v. Prendes*, 97 A.3d 337, 356 (Pa. Super. 2014). Further, "*an expert's opinion which is rendered to a reasonable degree of professional certainty is, itself, substantive evidence.*" *Commonwealth v. Aumick*, 97 A.2d 770, 782 (Pa. Super. 2023) (*en banc*) (emphasis added).

The Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42, requires a trial court to order an individual

who has been convicted of a "sexually violent offense" to be assessed by the SOAB. *Id*. at § 9799.24(a); *see also id*. at § 9799.12 (defining "sexually violent offense"). Following the entry of such an order, the SOAB is responsible for conducting an assessment to recommend whether the individual should be classified as an SVP. *See id*. at § 9799.24(b). The assessment involves a consideration of the following fifteen factors:

> whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending.

*Hollingshead*, 111 A.3d at 190; *see also* 42 Pa.C.S.A. § 9799.24(b)(1)-(4) (listing the statutory factors). There is no requirement that *all* the statutory factors or any number of them be present or absent to support an SVP designation; the factors are not "a check list with each one weighing in some necessary fashion for or against SVP designation." *Commonwealth v. Brooks*, 7 A.3d 852, 863 (Pa. Super. 2010). After the SOAB completes its assessment, the trial court holds a hearing to "determine whether the

- 4 -

Commonwealth has proved by clear and convincing evidence that the individual is a[n SVP]." 42 Pa.C.S.A. § 9799.24(e)(3).

SORNA defines an SVP as someone who has been convicted of one of the enumerated offenses, and "who is determined to be a[n SVP] under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." *Id*. at § 9799.12. An act is considered "predatory" under SORNA if it is "directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id*.

> Morehart claims during his guilty plea he only admitted:
>
> the offenses he was pleading to occurred with an individual under the age of thirteen (the individual was eight years old) and [] the individual was his daughter. Further, [Morehart] admitted [] "there was no penetration, but it [his penis] may have rubbed the area to constitute that aspect of it . . . from the rear side may have rubbed" from her anus to the front of her body. Finally, [Morehart] admitted [] he may have "as a result of that unintentional activity . . . inserted or rubbed [his] hand near her vagina so that it would have penetrated the outer area of it."

Morehart's Brief at 11-12 (citations omitted), citing N.T. 12/19/22, at 5, 8-9.

At the SVP hearing, Morehart's counsel argued Morehart:

> [p]led guilty to two of 14 counts and only two. . . . [A]ny . . . conduct that has not been proven in the court of law [should be] disregarded in this case. He pled to episodic events over a couple of weeks in 2014, not to a year plus, not to what an eight-year-old remembered five years later. . . . [M]r. Velkoff . . . relied on the [Pennsylvania State Police] records. Well, Trooper [Matthew] Miller wrote the probable cause affidavit. He wrote the complaint. That information was turned into an information by the District

Attorney's Office with no additional records. So really[,] he's relying on what Trooper Miller did. Mr. Velkoff admitted he did not watch the videos of either [Morehart] or the [victim] give their testimony in his assessment.

N.T., 12/19/22, at 21.

The trial court determined that viewing the evidence in the light most favorable to the Commonwealth it established by clear and convincing evidence that Morehart is an SVP. *See* Trial Court Opinion, 3/3/23, at 3; N.T., 12/19/22, at 23-24.

Because there is record support for the trial court's determination, we will not disturb it. At the SVP hearing, Mr. Velkoff testified Morehart "engaged in sexual conduct with his [eight-year-old] daughter … and that behavior occurred over several times over a time span of more than six months[.]" *Id*. at 6. Mr. Velkoff explained this behavior met the definition of "pedophilic behavior" and Morehart meets "the mental abnormality aspect of the SVP designation[.]" *Id*. at 6-7. Mr. Velkoff highlighted Morehart displayed predatory behavior by "cultivating a physically intimate relationship with his daughter that began with drying her off after a shower and then having her in his bed with him and engaging in escalating sexual behavior with her." *Id*. at 7. Mr. Velkoff concluded Morehart's "risk for sexual re-offense is greater than other individuals, other men his age that display those characteristics." *Id*. This is sufficient to establish Morehart is an SVP. *See Commonwealth v. Stephens*, 74 A.3d 1034, 1041-42 (Pa. Super. 2013) (holding evidence was sufficient to sustain trial court's SVP determination where SOAB evaluator

diagnosed the defendant with pedophilia and found the defendant's conduct to be predatory because he intentionally engaged in a relationship with a child for the purpose of sexual victimization). Accordingly, Morehart is not entitled to relief.

Although Morehart asserts the absence of sworn testimony of the victim and other proofs of "offense conduct," those limitations are the result of Morehart's election to plead guilty rather than proceed to trial. This Court has explained*:*

> The statute governing the SVP assessment does not limit the expert's consideration of information only to that admitted at trial or **at the guilty plea proceedings**. In fact, the statute requires state, county, and local agencies, offices or entities to provide copies of records and information as requested by the SOAB in connection with an SVP assessment, without limitation on the "admissibility" of that information. As a result, it stands to reason that some if not many of the facts necessary to perform the SVP assessment might not have been proven beyond a reasonable doubt. Thus, we hold an SOAB expert opinion falls within the general rules regarding expert witnesses. As such, an SOAB expert's opinion may be based on facts or data that the expert has been made aware of or personally observed so long as experts in the particular field reasonably rely on those kinds of facts or data in forming an opinion on the subject; the facts or data consulted need not be admissible for the expert's opinion to be admitted. The SOAB expert must state the facts or data on which the opinion is based. Then, the rules of evidence place the full burden of exploration of facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel's cross-examination. Opposing counsel bears the burden of exposing and exploring any weaknesses in the underpinnings of the expert's opinion.

*Prendes*, 97 A.3d at 360–61 (citing 42 Pa.C.S.A. § 9979.24(c), Pa.R.E. 702, 703, and 705 and Comment) (some quotation marks and citations omitted, emphasis added).

In our recent decision in **Aumick**, applying **Prendes**, this Court confirmed that an SOAB evaluator could consider this type of out-of-court or hearsay evidence. We stated:

> Based on the reasoning expressed in **Prendes**, we conclude that [the SOAB evaluator] was permitted to consider the affidavit of probable cause, criminal information, criminal complaint, preliminary hearing transcript, and the investigative reports prepared by Child Protective Services when assessing [the offender]. Pursuant to revised Subchapter H, the SOAB must undertake a comprehensive assessment of a defendant convicted of a sexually violent offense by considering the fifteen factors set forth in section 9799.24(b)(1)-(4). Section 9799.24(c) expressly requires that "[a]ll State, county and local agencies, offices and entities in this Commonwealth, including juvenile probation officers, ***shall cooperate by providing copies of records and information as requested by the board in connection with the court-ordered assessment*** . . . ." Moreover, within ninety days of a defendant's qualifying conviction, the SOAB ***must*** prepare a written report regarding its assessment which includes, at a minimum, the following information: (1) a concise narrative of the individual's conduct; (2) whether the victim was a minor; (3) the manner of weapon or physical force used or threatened; (4) if the offense involved unauthorized entry into a room or vehicle occupied by the victim; (5) if the offense was part of a course or pattern of conduct involving multiple incidents or victims; and (6) previous instances in which the individual was determined guilty of an offense subject to this subchapter or of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses).

*Aumick*, 297 A.3d at 781-82 (citations omitted, emphasis in original).

The **Aumick** Court concluded that, in light of these statutory mandates,

> *it is clear the legislature intended that the SOAB member consider more than the limited facts included in a plea colloquy*, and that the SOAB member undertake to review and consider the information contained in records provided by state, county and local agencies, offices and entities in this Commonwealth when making an SVP assessment and preparing a statutorily compliant written report. To be sure, it would be the rare occasion on which the SOAB member would be able to fulfill its statutory obligations if its SVP assessments and written reports were limited to facts contained in a plea colloquy, admitted into evidence, or determined by the trier of fact.
>
> Moreover, in the context of an SVP hearing, the judge is not tasked with evaluating the veracity of the facts underlying the expert's testimony. Indeed, the facts presented at an SVP hearing are not being offered for the truth of the matter asserted, as would be the case in a true hearsay scenario. Instead, they constitute information, gleaned from records which are reasonably relied on in SOAB evaluations, that is presented to the trial court solely to supply the basis for the expert's opinion in accordance with our Rules of Evidence. Accordingly, the otherwise inadmissible facts reasonably relied upon by [the SOAB evaluator] to explain the basis of her opinion, including the allegations of sexual abuse asserted by [a victim], do not constitute substantive evidence.
>
> On the other hand, an expert's opinion which is rendered to a reasonable degree of professional certainty is, itself, substantive evidence. . . .

*Id*. at 782 (citations and footnote omitted, emphasis added).

Instantly, at the SVP hearing, the trial court stated:

Under [42 Pa.C.S.A. §] 9799.24[(e)], the [c]ourt is required when the Commonwealth files a praecipe to schedule a hearing and the ultimate decision for the [c]ourt is to determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator. One of the things that I've learned over the many years of doing this job and some other things that I've done is that diagnosis is not a science[] but an art based upon years of experience and training as well as

considering the elements of, for example, the DSM,[4] the criteria, and/or the information that's provided. I think what struck me and has continued to strike me about this case is while [Morehart] wishes to accept responsibility, he minimizes . . . or he does just enough to establish what he believes happened . . . to be able to go forward with this plea. I think that is a factor that the [c]ourt considers in determining whether or not [Morehart] is [an SVP] that he would be willing to . . . engage in this activity with his child and despite the fact that his child was an eight-year[]-old[.] . . . [I]n considering the details that Mr. Velkoff has pointed out . . . it troubles me that [Morehart] may not truly accept and understand the fact that what he did was inappropriate. . . . [I] was also struck with the grooming behaviors that were highlighted in Mr. Velkoff's report. So, bottom line, basically in reviewing everything and the testimony of Mr. Velkoff, I'm going to find that he's [an SVP]. . . .

N.T., 12/19/22, at 23-24 (footnote added). Accordingly, Morehart's challenge to the evidence the trial court considered merits no relief.

Judgment of sentence affirmed.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/8/2023

---

[4] The DSM is the Diagnostic and Statistical Manual of mental disorders published by the American Psychiatric Association. **See Commonwealth v. Flor**, 259 A.3d 891, 906 (Pa. 2021).