J-S56006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL CLOWARD, | |
| Appellant | No. 183 MDA 2015 |

Appeal from the Judgment of Sentence December 18, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004127-2013

BEFORE: SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 22, 2015**

Appellant, Michael Cloward, appeals from the judgment of sentence entered on December 18, 2014, following entry of the order designating him as a sexually violent predator ("SVP"). We affirm.

Ardis Carmichael, the guardian of fourteen-year-old K.V., walked in on Appellant, Ardis's thirty-two-year-old boyfriend, as he was raping the child on July 21, 2013. Affidavit, 7/21/13. On June 19, 2014, pursuant to a negotiated plea agreement, Appellant pled guilty to one count each of rape, sexual assault, statutory sexual assault, involuntary deviate sexual intercourse, unlawful contact with a minor, corruption of a minor, and two counts of aggravated indecent assault. Negotiated Plea Agreement, Docket

---

[*] Retired Senior Judge assigned to the Superior Court.

Entry Number 40. Sentencing was deferred pending completion of an evaluation concerning whether Appellant met the criteria to be classified as an SVP. On August 20, 2014, the Commonwealth filed a *praecipe* for an SVP hearing, which occurred on December 18, 2014. Dr. Robert Stein, a member of the Sexual Offender Assessment Board ("SOAB"), testified on behalf of the Commonwealth, and Dr. Timothy P. Foley testified on behalf of Appellant. The Commonwealth and Appellant stipulated that both witnesses were experts in the area of assessment and treatment of sexual offenders. N.T., 12/18/14, at 4–5.

Following the hearing, the trial court designated Appellant an SVP and issued an opinion explaining its rationale. The trial court sentenced Appellant in accordance with the plea bargain to an aggregate sentence of seven to fifteen years of imprisonment, followed by ten years of probation. Appellant filed a post-sentence motion on December 29, 2014, which was denied on January 8, 2015. This timely appeal followed. The trial court did not direct Appellant to file a statement pursuant to Pa.R.A.P. 1925.

Appellant raises the following single issue for our review:

> I. Whether the trial court erred in classifying defendant as a sexually violent predator (SVP) when the Commonwealth failed to provide the clear and convincing evidence necessary for such a classification as per Title 42 Pa.C.S. §9794.5?

- 2 -

J-S56006-15

Appellant's Brief at 5 (full capitalization omitted).[1]

This Court has explained the SVP determination process as follows:

> After a person has been convicted of an offense listed in 42 Pa.C.S.A. § 9799.14, the trial court then orders an assessment to be done by the SOAB to help determine if that person should be classified as an SVP. An SVP is defined as a person who has been convicted of a sexually violent offense ... and who has a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory.... Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189–190 (Pa. Super. 2015) (quoting *Commonwealth v. Stephens*, 74 A.3d 1034, 1038–1039

---

[1] Appellant's issue assails the sufficiency and weight of the evidence supporting the trial court's classification. It is not, as Appellant suggests *sub silencio* by the inclusion in his brief of a statement pursuant to Pa.R.A.P. 2119(f), a challenge to the discretionary aspects of sentence.

- 3 -

(Pa. Super. 2013) (internal quotation marks, ellipses, and citations omitted)).[2]

When performing an SVP assessment, a mental health professional must consider the following fifteen factors:  whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim; the defendant's relationship with the victim; the victim's age; whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim's mental capacity; the defendant's prior criminal record; whether the defendant completed any prior sentence; whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending.  42 Pa.C.S.

---

[2]  While the trial court's Pa.R.A.P. 1925 (a) opinion makes a brief reference to Megan's Law, we note that the Megan's Law provisions expired on December 20, 2012, 42 Pa.C.S. §§ 9791–9799.9, and the Sexual Offender Registration and Notification Act ("SORNA") became effective in its place.  42 Pa.C.S. §§ 9799.10–9799.41.  SORNA governed Appellant's SVP hearing that occurred on December 18, 2014.  42 Pa.C.S. § 9799.13.  While the statutory section numbers changed with the enactment of SORNA, the standards governing the expert witness assessment for the SVP hearing remained substantially the same.  **Commonwealth v. Prendes**, 97 A.3d 337, 346 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014).

§ 9799.24(b). Dr. Stein utilized the statutory factors as well as the diagnostic tool known as the Diagnostic and Statistical Manual ("DSM-V"). N.T., 12/18/14, at 6, 14. He testified that Appellant "exercised his right to not participate" in the evaluation. N.T., 12/18/14, at 6. Dr. Foley utilized the statutory factors and Static-99R, "an actuarially derived prediction tool used to measure sexual offense risk." Appellant's Brief at 16. There is nothing in the record indicating that Appellant participated in Dr. Foley's evaluation.

This Court has stated that it is not necessary for every statutory factor to be present in order to sustain an SVP classification:

> [T]here is no statutory requirement that all of them or any particular number of them be present or absent in order to support an SVP designation. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation. [**Commonwealth v.**] **Brooks,** [7 A.3d 852, 863 (Pa. Super. 2010)]. Thus, "the Commonwealth does not have to show that any certain factor is present or absent in a particular case." **Id**.

**Commonwealth v. Prendes**, 97 A.3d 337, 358–359 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014).

Our standard and scope of review is well-settled:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Baker*, 24 A.3d 1006, 1033 (Pa. Super. 2011). Because an SVP assessment is not a trial or a separate criminal proceeding that subjects the defendant to additional punishment, SVP status does not require proof beyond a reasonable doubt. *Commonwealth v. Howe*, 842 A.2d 436, 445–446 (Pa. Super. 2004). "Rather, the court decides SVP status upon a show of clear and convincing evidence that the offender is, in fact, an SVP." *Prendes*, 97 A.3d at 358 (citing *Commonwealth v. Killinger*, 888 A.2d 592, 600 (Pa. 2005)). Moreover, "[a]n expert's opinion, which is rendered to a reasonable degree of professional certainty, is **itself** evidence." *Prendes*, 97 A.3d at 356 (quoting *Commonwealth v. Fuentes*, 991 A.2d 935, 944 (Pa. Super. 2010) (*en banc*) (emphasis in original)).

Appellant's argument is a summary of the various findings described by the expert witnesses. Appellant concludes that Dr. Foley's testimony proves that Appellant is not an SVP. Appellant's Brief at 17. The trial court made a credibility determination and chose to believe Dr. Stein over Dr. Foley. We may not disturb that credibility determination. *Hollingshead*, 111 A.3d at 194 (where trial court determined credibility of expert, this Court may not disturb trial court's finding).

The trial court carefully weighed all of the statutorily mandated factors and concluded that clear and convincing evidence demonstrated that Appellant is an SVP. We ascertain no error of law or abuse of discretion in this determination. Accordingly, we affirm the order of the trial court

designating Appellant a sexually violent predator based upon the trial court's thorough opinion and order in support of its determination filed on January 8, 2015, which it incorporated into its Pa.R.A.P. 1925 opinion.[3]

Judgment of sentence affirmed.


Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/2015

---

[3] The parties are directed to attach a copy of the opinion in the event of further proceedings in this matter.

COMMONWEALTH OF PENNSYLVANIA  : IN THE COURT OF COMMON PLEAS,
                                     : DAUPHIN COUNTY, PENNSYLVANIA
                                     :
                   v.                   : NO. 4127 CR 2013
                                     :
                                     : CRIMINAL MATTER
         MICHAEL CLOWARD           :

## ORDER OF COURT

AND NOW, this 8th day of January, 2015, upon consideration of Defendant's Post-Sentence Motion, it is HEREBY ORDERED that the Motion is DENIED.

On December 18, 2014, following a hearing to determine whether to classify Defendant as a sexually violent predatory, this Court did find Defendant to be a sexually violent predator (SVP). Two experts, Dr. Robert Stein and Dr. Timothy Foley, assessed the Defendant submitted reports and testified. The parties stipulated to the fact that they were both experts in the field. A post-sentence motion to modify the sentence was filed asking this court to determine he was not a sexually violent predator.

"At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." 42 Pa.C.S.A. § 9799.24(e)(3). A sexually violent predator is someone "who... is determined to be a sexually violent predator under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa. C.S.A. § 9799.12. A mental abnormality is "a congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." Id. Moreover, predatory is

37-9                                             1 of

defined as "[a]n act directed at a stranger or at a person with whom a relationship has been established or promoted for the primary purpose of victimization."

At issue in this case, is whether the Defendant suffers from a mental abnormality. The Sexual Offenders Assessment Board (SOAB) reviews fifteen factors to determine whether there is a pattern of predatory behavior and whether there is a mental abnormality that is relevant to sexual offenses.

The factors that must be considered pursuant to 42 Pa.C.S.A. 9799.24 are:

1) Facts of the current offense, including:
   i. Whether the offense involved multiple victims.
   ii. Whether the individual exceeded the means necessary to achieve the offense.
   iii. The nature of the sexual contact with the victim.
   iv. Relationship of the individual to the victim.
   v. Age of the victim.
   vi. Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
   vii. The mental capacity of the victim.
2) Prior offense history, including:
   i. The individual's prior criminal record.
   ii. Whether the individual completed any prior sentences.
   iii. Whether the individual participated in available programs for sexual offenders.
3) Characteristics of the individual, including:
   i. Age.
   ii. Use of illegal drugs.
   iii. Any mental illness, mental disability or mental abnormality.
   iv. Behavioral characteristics that contribute to the individual's conduct.
4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

Both experts agreed that the Defendant did exhibit a pattern of predatory behavior. (Notes of Testimony, December 18, 2014[1], p. 12-13; 32). In this case, the experts disagreed over whether defendant suffers from a paraphilic disorder of nonconsent or hebephilia (sexual attraction to post-pubescent minors). The Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-V) is the authority for psychiatric diagnosis. This edition contains the

---

[1] Hereinafter "N.T."

diagnosis "Other Specified Paraphilic Disorders" in place of the DSM-IV diagnosis of Paraphilia NOS. (Defendant's Exhibit 1, pp. 3-4).

Paraphilic disorder of nonconsent is sustained interest in nonconsenting sex. (Commonwealth's Exhibit 1, p. 5). Dr. Stein testified specifically, that a level of force was used during the attacks. Notably, on at least three occasions, the victim bled as a result of the attacks, she resisted to the point of biting him and the defendant would either hold her mouth shut or hold a pillow over her mouth so that she could not yell for him to stop or breathe. (N.T. 7-8). He contended that these means exceeded the force necessary to achieve the offense. Dr. Foley disagreed with this assessment of these actions as excessive force. *Id.* at 43.

At the time of the attacks, the victim was 14 and the defendant was about 33. He was the boyfriend of the victim's guardian and would attack the victim whenever the guardian was not present. *Id.* at 8. The attacks only stopped because the guardian caught the Defendant in the act ant called the police. *Id.*

The nature of the sexual contact with the victim was repeated forcible sexual assault. *Id.* at 9. Not only was the victim unable to consent by virtue of her age, she also was nonconsenting in her behavior – again she resisted the attacks. *Id.*

The attacker was the boyfriend of the victim's guardian. *Id.* at 10. He most likely had a caretaker role with the victim and it is more traumatizing toe a victim if a caretaker attacks you. *Id.* He lived with the guardian and the victim for several years.

The victim was 14 at the time of the attacks. Dr. Stein testified that it may be consistent with deviate sexual interests, but in this case, the major issue is the force used and not the age of the victim. *Id.*

Dr. Stein also testified that while he might not use the phrase "unusual cruelty" these were brutal attacks with some aspects of cruelty. *Id.*

The victim does have a number of behavioral issues that may or may not be related to prior sexual assaults. *Id.* There was no prior criminal history other than a prior drug charge that was dismissed. *Id.* at 11. The Defendant was 32 or 33 at the time of the attacks. He was significantly older than the victim. *Id.*

There was no information regarding any use of illegal drugs and no information regarding any mental illness or disability. There were no other behavioral characteristics contributing to the Defendant's conduct. *Id.*

Finally, according to Dr. Stein, there are some statistical risk factors. Engaging in sexualized aggression while under the age of 35 is statistically associated with increased risk of recidivism. *Id.* He did admit that as the defendant was about 33 at the time of the attacks, he was on the cusp of that particular association. *Id.* at 19.

Generally, other nonspecific paraphilic disorder requires a six-moth criterion of duration to make a diagnosis. Dr. Stein testified that in this case, the attacks lasted somewhere between 5 and 6 months, thus this case was on the borderline. However, he testified that given that the acts did not stop of their own accord, but rather because Defendant was caught, there is every reason to believe the attacks would have persisted for the necessary 6 month period *Id.* at 12-14. Further, Dr. Stein testified that the DSM-V allows for clinical judgment in situations where the diagnosis does not technically meet all the requirements. *Id.* at 15.

Dr. Stein reviewed Dr. Foley's report which indicated a diagnosis of hebephilia. Dr. Stein testified that in a laboratory setting most adult men will show arousal towards a picture of a naked teenager; however in this case, he did not diagnose hebephilia because of the use of force.

4 of

*Id.* at 16-17. Dr. Stein testified that had the victim been older and age not an issue, the repeated use of force in the attacks would indicate he was a sexually violent predator. *Id.* at 17. He further testified that the age was an aggravating factor in this case and not a factor for diagnostic purposes. *Id.*

Dr. Stein also acknowledged that a single victim as opposed to multiple victims is associated with a lesser risk. *Id* at 20.

Dr. Foley testified that his understanding of the statute was that is required some assessment of the likelihood of future sexual misconduct. *Id.* at 34. He performed the Static 99 test to help him determine this. *Id.* This test is based on the records of approximately 25,000 sexual offenders after release into the community. It is atheoretical – it is statistically driven. *Id.* Dr. Foley indicated that the SOAB does use this test in parole hearings but not in SVP determination hearings. *Id.* at 35. However, the Static 99 does not take into account how many times the assaults occurred, the age of the victim, nor the level of force used. *Id.* at 45-46.

Dr. Foley used all the same information that Dr. Stein used and also reviewed the victim's Children & Youth Reports. He found the case to be pretty unusual in that the defendant acknowledged it had been going on for about 5 months, whereas the victim was unclear in how long it had been going on. *Id.* at 35-36. Dr. Foley further testified that sex offense recidivism declines as a function of age; particularly in rape cases where the frequency of recidivism declines by about 50 percent between 25 and 45. *Id.* at 37-38. Dr. Foley considered the defendant's age at his time of release and the treatment he had completed post-guilty plea, whereas Dr. Stein did not. *Id.* at 24-25, 38.

Dr. Foley indicated that he did not believe there was a disorder of the sexual appetite that could not otherwise be satisfied. *Id.* at 40. Defendant's significant other reported no use of force

in their relationship so it is not a "pervasive appetite where resistance, forcing, the nonconsent, is really an overall issue."

"The clear and convincing standard requires evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue." *Rohm and Haas Co. v. Continental Cas. Co.*, 566 Pa. 464, 476, 781 A.2d 1172, 1179 (2001) (quoting *Lessner v. Rubinson*, 527 Pa. 393, 400, 592 A.2d 678, 681 (1991))." Com. v. Maldonado, 576 Pa. 101, 109, 838 A.2d 710, 715 (2003).

In the present case, while there was contradictory expert testimony, this Court unhesitatingly found that the defendant was a sexually violent predator. The repeated use of force against a minor who was actively resisting him indicates more than just hebephilia. This behavior continued for roughly 5 months, and showed no signs of stopping except that he was caught in the act. The defendant clearly has some sort of nonconsent paraphilia that puts others at risk upon his release from incarceration. Continuous monitoring and treatment are appropriate in this case.

BY THE COURT:

_____
Deborah E. Curcillo, J.

*Distribution:* 1-9-15 @ 11:20
Hon. Deborah E. Curcillo
Clerk of Courts
Wendy Grella, Esq., *Mail*
Jennifer Gettle, Esq., Dauphin County District Attorney's Office *To*

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS,
: DAUPHIN COUNTY, PENNSYLVANIA
:
: 183 MD 2015
v.  : 4127 CR 2013
:
: CRIMINAL MATTER
MICHAEL CLOWARD :

## TRIAL COURT MEMORANDUM OPINION PURSUANT TO
## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

Presently before the Superior Court of Pennsylvania is the appeal of Michael Cloward (hereinafter Appellant). Procedurally, Appellant pled guilty on June 19, 2014, pursuant to a plea agreement to Rape – Forcible Compulsion[1], Sexual Assault[2], Statutory Sexual Assault[3], Indecent Assault of a Person less than 16 Years of Age[4], two (2) charges of Aggravated Indecent Assault[5], Unlawful Contact with a Minor – Sexual Offenses[6], and Corruption of Minors – Defendant Age 18 or Above[7]. Sentencing was deferred for the completion of a Megan's Law Evaluation and Appellant was sentence on December 18, 2014.

On or about December 29, 2014, Appellant filed an optional Post-Trial Motion claiming that he should not be classified as a Sexually Violent Predator. Thereafter on January 8, 2015, this Court issued a Memorandum Opinion denying the motion. On January 22, 2015, this Court received a timely Notice of Appeal filed with the Superior Court of Pennsylvania.

---

[1] 18 Pa.C.S. § 3121(A)(1)
[2] 18 Pa.C.S. § 3124.1
[3] 18 Pa.C.S. § 3122.1(B)
[4] 18 Pa.C.S. § 3123(A)(7)
[5] 18 Pa.C.S. § 3125(A)(8)
[6] 18 Pa.C.S. § 6318(A)(1)
[7] 18 Pa.C.S. § 6301(A)(1)(ii)

This Court incorporates by reference our January 8, 2015, Memorandum Opinion, which details the facts in this matter, provides our reasons for concluding that Appellant is not entitled to post-sentencing relief, and is the basis of our January 8, 2015, final order denying Appellant's Post-Trial Motion. Therefore, we will submit nothing further regarding this matter unless directed by the Superior Court of Pennsylvania.

Accordingly, we request that Appellant's appeal in this matter be dismissed and that our Order of January 8, 2015, be affirmed.

Respectfully submitted:

_Deborah E. Curcillo_

**Deborah E. Curcillo, Judge**

Dated: _3rd day of Feb 2015_

*Distribution:* 2-3-15 @ 1:50pm

The Superior Court of Pennsylvania Mail
Hon. Deborah E. Curcillo
Jennifer Gettle, Esq., Dauphin County District Attorney's Office Ib
Wendy J.F. Grella, Esq., 1119 N. Front Street, Suite 1, Harrisburg, PA 17102 Mail

RECEIVED OFFICE OF CLERK OF COURTS 2015 FEB -3 PM 12: 52 DAUPHIN COUNTY PENNA