J-S60030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES KRIEGNER | |
| Appellant | No. 341 EDA 2015 |

Appeal from the Judgment of Sentence December 19, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0002040-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:　　　　　　**FILED NOVEMBER 17, 2015**

James Kriegner appeals from the judgment of sentence imposed in the Court of Common Pleas of Bucks County after he entered a negotiated guilty plea to charges of statutory sexual assault;[1] involuntary deviate sexual intercourse (IDSI);[2] unlawful contact with a minor;[3] sexual abuse of children-photographing, filming, depicting on computer or filming sexual acts (child pornography);[4] aggravated indecent assault;[5] criminal use of a

---

[1] 18 Pa.C.S. § 3122.1(b).

[2] 18 Pa.C.S. § 3123(a)(7).

[3] 18 Pa.C.S. § 6318(a)(1).

[4] 18 Pa.C.S. § 6312(b).

[5] 18 Pa.C.S. § 3125(a)(8).

communication facility;[6] corruption of minors;[7] and indecent assault.[8] Following his convictions, he was determined by the court to be a Sexually Violent Predator (SVP) pursuant to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41.  Upon careful review, we affirm.

Kriegner entered a guilty plea to the above charges on June 9, 2014. The charges related to Kriegner's possession of child pornography and sexual abuse perpetrated by Kriegner against a minor girl who was his niece by marriage.  Kriegner abused the girl, S.L., over an eight-month period when she was fifteen years old.

Following the entry of Kriegner's plea, the trial court ordered that he undergo an SVP assessment by the Sexual Offenders Assessment Board (Board) pursuant to 42 Pa.C.S. § 9799.24.  Doctor Eric Weinstein, a member of the Board, completed the SVP assessment on August 24, 2014.  Doctor Christopher P. Lorah, a licensed psychologist, prepared a review of Dr. Weinstein's report at Kriegner's behest, on October 27, 2014.  On December 19, 2014, the trial court held a hearing to determine whether Kriegner was an SVP.  After consideration of competing testimony from both Dr. Weinstein

---

[6] 18 Pa.C.S. § 7512(a).

[7] 18 Pa.C.S. § 6301(a)(1)(ii).

[8] 18 Pa.C.S. § 3126(a)(8).

and Dr. Lorah, the court concluded that Kriegner was an SVP. Kriegner was sentenced to a term of 6 to 15 years' imprisonment with a consecutive 5 year period of probation and was ordered to register as a Tier 3 offender. Kriegner filed a timely notice of appeal, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its Rule 1925(a) opinion on April 7, 2015.

On appeal, Kriegner claims that the trial court erred in concluding that he is an SVP. Specifically, Appellant presents one issue for our review:

> DID THE LOWER COURT ERR IN FINDING THAT THE COMMONWEALTH PRESENTED SUFFICIENT EVIDENCE THAT APPELLANT SUFFERS FROM A MENTAL ABNORMALITY OR PERSONALITY DISORDER THAT MAKES IT LIKELY THAT HE WILL ENGAGE IN PREDATORY SEXUALLY VIOLENT OFFENSES?

Appellant's Brief, at 4.

Appellant challenges the sufficiency of the evidence relating to the trial court's SVP status determination. A challenge to a determination of SVP status requires us to view the evidence presented in the light most favorable to the Commonwealth. **Commonwealth v. Prendes**, 97 A.3d 337, 355 (Pa. Super. 2014). We may not weigh the evidence or substitute our judgment for that of the trial court. **Id.** The Commonwealth must establish SVP status by clear and convincing evidence, which standard requires evidence that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue. **Id.** The scope of our review is plenary. **Id.** at 356.

J-S60030-15

After conviction but before sentencing, the trial court is required to order Board assessment of an individual convicted of a sexually violent offense. 42 Pa.C.S. § 9799.24(a). Such assessment shall include, but not be limited to, an examination of the following:

 (1) Facts of the current offense, including:

  (i) Whether the offense involved multiple victims.

  (ii) Whether the individual exceeded the means necessary to achieve the offense.

  (iii) The nature of the sexual contact with the victim.

  (iv) Relationship of the individual to the victim.

  (v) Age of the victim.

  (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

  (vii) The mental capacity of the victim.

 (2) Prior offense history, including:

  (i) The individual's prior criminal record.

  (ii) Whether the individual completed any prior sentences.

  (iii) Whether the individual participated in available programs for sexual offenders.

 (3) Characteristics of the individual, including:

  (i) Age.

  (ii) Use of illegal drugs.

  (iii) Any mental illness, mental disability or mental abnormality.

  (iv) Behavioral characteristics that contribute to the individual's conduct.

 (4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

- 4 -

42 Pa.C.S. § 9799.24(b).

While the Board must examine all statutory factors, there is no requirement that all of these factors or any particular number of them be present or absent in order to support an SVP designation. ***Commonwealth v. Brooks***, 7 A.3d 852, 863 (Pa. Super. 2010). Rather, the question for the SVP court is whether the Commonwealth's evidence, including the Board's assessment, shows that the person convicted of a sexually violent offense has a mental abnormality or disorder making that person likely to engage in predatory sexually violent offenses. ***Id.*** Based on the evidence presented, the court decides whether a defendant is to be designated an SVP and thus made subject to SORNA's registration requirements. ***Id.***

Kriegner argues that the Commonwealth failed to establish that he suffers from a mental abnormality or personality disorder. In support, Kriegner argues that the Commonwealth presented no evidence related to the diagnosis of a paraphilic[9] disorder specified in the fifth edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-V), but instead relied on Dr. Weinstein's hebephilia[10] diagnosis.

_____

[9] "Paraphilia" is defined as a pattern of recurring sexually arousing mental imagery or behavior that involves unusual and especially socially unacceptable sexual practices, such as sadism or pedophilia. ***See*** Merriam-Webster, http://www.merriam-webster.com/dictionary/paraphilia.

[10] Hebephilic disorder, as described by Dr. Weinstein, is characterized by sexual attraction and behavior directed at adolescents. ***See*** N.T. SVP Hearing, 12/19/14, at 15.

In **Commonwealth v. Hollingshead**, 111 A.3d 186 (Pa. Super. 2014), the appellant challenged the sufficiency of evidence provided at her SVP hearing by arguing that a hebephilia diagnosis was insufficient to find a mental abnormality in relation to a SVP determination. **Id.** at 193. Based on our review of numerous state and federal court decisions, we held that "a trial court may conclude, based upon the expert testimony and facts in a given case, that a hebephilia diagnosis is sufficient to find a defendant has a mental abnormality." **Id.**

Kriegner attempts to distinguish this case from our decision in **Hollingshead** by pointing to the "fact specific determination" required of the trial court. Appellant's Brief, at 16. In **Hollingshead**, this Court noted the diagnostic criteria for hebephilia as "attraction to young people because of the intersection of the young person's innocence and vulnerability, and the emergence of secondary sexual characteristics." 111 A.3d at 191. Kriegner claims "there was no evidence that [he] relied upon the victim's innocence or vulnerability or that he was interested in the secondary sexual characteristics of the victim" and that Dr. Weinstein diagnosed the disorder "merely because of a sexual attraction to adolescents." Appellant's Brief, at 17. However, the record and opinion of the trial court belie these blanket assertions.

Doctor Weinstein performed an evaluation of Kriegner and testified to a reasonable degree of professional certainty that, based on the abuse of his 15-year-old niece over the period of eight months, Kriegner met the criteria

- 6 -

for "Other Specified Paraphilic Disorder, Hebephilia." Doctor Weinstein further testified that this specific mental abnormality predisposes Kriegner to engage in predatory sexually violent offenses. N.T. SVP Hearing, 12/19/14, at 25. In support of his expert opinion, Dr. Weinstein noted that Kriegner "actively pursued his niece and engaged in sexual contact that increased over time." *Id.* at 19. Doctor Weinstein also testified regarding his consideration of the relationship of Kriegner to the victim, the age of the victim, and child pornography found on Kriegner's computer, in forming his opinion that he met the criteria to be classified as an SVP. *Id.* at 17-20.

Based on our review of the evidence presented by the Commonwealth at Kriegner's SVP hearing, including Dr. Weinstein's testimony, we conclude that the trial court did not err in finding, by clear and convincing evidence, that Kriegner satisfied the criteria to be classified as an SVP.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2015