J-S14030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW JOSEPH DIEROLF | |
| Appellant | No. 1243 MDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003824-2014

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 15, 2016**

Appellant, Andrew Joseph Dierolf, appeals from the judgment of sentence entered July 1, 2015, in the Court of Common Pleas of Berks County. On appeal, Appellant challenges his designation as a sexually violent predator (SVP) pursuant to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. We affirm.

Appellant entered a negotiated guilty plea to one count of Unlawful Contact with a Minor, 18 Pa.C.S.A. § 6318(a)(5), a sexually violent offense under Section 9799.14(c)(5). At the plea hearing, Appellant admitted that he contacted a ten-year-old minor female over the internet—his stepdaughter—and, posing as a twelve-year-old boy, requested that the

_____

[*] Former Justice specially assigned to the Superior Court.

victim send pictures of her breasts and vagina. *See* N.T., Plea Hearing, 3/6/15 at 5-6. At the time, Appellant was 31-years old. *See Id*. at 6. Appellant further admitted that police discovered on his phone at least one photograph of a juvenile female under the age of 18 depicted in a sexual act. *See id*. The court scheduled sentencing and directed the Sexual Offenders Assessment Board (SOAB) to conduct an evaluation to determine if Appellant was an SVP. Following the SVP determination hearing, the trial court ultimately agreed that Appellant met the SVP requirements. The trial court thereafter sentenced Appellant to a term of six to 23 months' imprisonment, to be followed by five years' probation. Appellant filed a post-sentence motion for reconsideration, which the trial court denied. This timely appeal followed.

Our standard when reviewing the sufficiency of the evidence to support a trial court's SVP designation is as follows.

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1199 (Pa. 2015) (citation omitted). The task of the Superior Court on appeal of a trial court's classification of a criminal offender as an SVP "is one of review, and not of weighing and assessing

evidence in the first instance." ***Commonwealth v. Meals***, 912 A.2d 213, 218 (Pa. 2006).

An SVP is a person who has committed a sexually violent offense under Section 9799.14 and who fits the SVP criteria set forth in Section 9799.24 "due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12. Section 9799.12 defines a mental abnormality as:

> A congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons.

After conviction for a sexually violent offense and prior to sentencing, Pennsylvania law requires the SOAB to conduct an assessment of the convicted party and the trial court to hold a hearing to determine SVP status. ***See*** 42 Pa.C.S.A. § 9799.24(a). In its assessment, the SOAB must include, but is not limited to, an evaluation of the following factors.

(1) Facts of the current offense, including:

> (i) Whether the offense involved multiple victims.
> (ii) Whether the individual exceeded the means necessary to achieve the offense.
> (iii) The nature of the sexual contact with the victim.
> (iv) Relationship of the individual to the victim.
> (v) Age of the victim.
> (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
> (vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's criminal record.
(ii) Whether the individual completed any prior sentences.
(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.
(ii) Use of illegal drugs.
(iii) Any mental illness, mental disability or mental abnormality.
(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b).

This Court has previously stated that the "salient inquiry for the trial court is the identification of the impetus behind the commission of the crime, coupled with the extent to which the offender is likely to reoffend." ***Commonwealth v. Dixon***, 907 A.2d 533, 536 (Pa. Super. 2006) (internal quotes and citation omitted).

In the instant case, Appellant pled guilty to Unlawful Contact with a Minor, a sexually violent offense under Section 9799.14(c)(5). At the hearing to determine Appellant's SVP status, the SOAB expert, Veronique Valliere, Psy.D., testified based upon her evaluation that Appellant suffers from a mental abnormality; specifically, an Other Specific Paraphilic Disorder. ***See*** N.T., SVP Hearing, 7/1/15 at 8. Dr. Valliere defined a paraphilic disorder as "a deviate sexual arousal pattern that creates a maladaption [sic] in somebody's life, [which] either serves to victimize others or creates

problems in the individual's social, emotional and occupational functioning." *Id*. Dr. Valliere found clear evidence that Appellant has a sexual arousal towards children based upon his victimization of the minor child in the current offense, as well as his collection of child pornography. *See id*. at 8-9. Dr. Valliere observed that Appellant's disorder has persisted since his childhood juvenile sex offending which began at age twelve. *See id*.

Dr. Valliere also diagnosed Appellant with antisocial personality disorder, which she described as a chronic pervasive disorder marked by a disregard for the rules and the rights of others, failure to respond to consequences and intervention, aggressiveness, repeated violations of the law, and repeated resistance to negative sanctions. *See id*. at 9.

Dr. Valliere proceeded to analyze the fourteen factors under Section 9799.24(b) as they applied to Appellant. *See id*. at 12-13. She opined that Appellant's conduct in posing as a twelve-year-old boy in order to establish a secret deceptive relationship with the victim, who was his stepdaughter, for the sole purpose of victimization, clearly exhibited predatory behavior. *See id*. at 10. She further stated that Appellant's history in juvenile sexual offender treatment and his recidivism even after treatment established Appellant's likelihood of re-offending to engage in predatory behavior. *See id*. Based upon her evaluation of the evidence, Dr. Valliere ultimately concluded that Appellant met the classification criteria of an SVP.

After reviewing the record, we determine that Dr. Valliere's testimony, as well as the SVP Assessment Report prepared in this matter, adequately

demonstrated that Appellant suffers from "a mental abnormality or personality disorder that makes [him] likely to engage in predatory sexually violent offenses." 42 Pa.C.S.A. § 9799.12. Dr. Valliere diagnosed Appellant with Other Specific Paraphilic Disorder and Antisocial Personality Disorder. She analyzed, at length, the statutory factors set forth in Section 9979.24(b). Several of the factors worked against Appellant's interest, such as his history of sexual contact with multiple children, his trove of child pornography, his solicitation of sexual images from the minor victim, the age of the victim, Appellant's age, Appellant's relationship with the victim, Appellant's paraphilia diagnosis, his recidivism after juvenile sex offender treatment and Appellant's predatory conduct. *See* N.T., SVP Hearing, 7/1/15 at 12-13.

Appellant objects to Dr. Valliere's reference in her report of a prior 2007 rape investigation, which was dismissed after the victim recanted her testimony. When Appellant's counsel questioned Dr. Valliere on the inclusion of this event in her report at the SVP determination hearing, she stated that the recanted rape allegation was not a significant factor in the formation of her opinion, but opined that the fact that the investigation was not a deterrent for recidivism spoke to Appellant's state of mind. *See* N.T., SVP Hearing, 7/1/15 at 15-16. The trial court credited the evaluator's testimony, *see* Trial Court Opinion, 9/16/15 at 4-5, and we are therefore satisfied that the withdrawn rape allegation was not a substantial factor in Dr. Valliere's

analysis. Accordingly, Appellant's effort to challenge the validity the report on this basis fails.

Based on our review of the evidence presented at Appellant's SVP hearing, including the report and testimony of Dr. Valliere, and viewing that evidence in the light most favorable to the Commonwealth, **see Hollingshead**, **supra**, we conclude that the trial court did not err in finding, by clear and convincing evidence, that Appellant satisfies the criteria to be classified as an SVP.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016