J-S50036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN CARRUTHERS | |
| Appellant | No. 1957 MDA 2015 |

Appeal from the Judgment of Sentence July 28, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002107-2013

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                              **FILED JULY 08, 2016**

Appellant, Stephen Carruthers, appeals *nunc pro tunc* from the July 28, 2015 judgment of sentence of 15 to 20 years' imprisonment, plus 20 years' probation, after being convicted by a jury of a multitude of sex offenses which occurred over an eight year period.  The trial court also found Appellant to be a sexually violent predator (SVP).  After careful review, we affirm.

The trial court accurately recounted the facts of record, which, upon review of the certified record, we adopt in this disposition.  **See** Trial Court

---

[*] Former Justice specially assigned to the Superior Court.

Opinion, 1/4/16, at 3-6. Following sentencing, Appellant filed a timely notice

of appeal on August 21, 2015.[1]

On appeal, Appellant presents a single issue for our review.

> Did not the Commonwealth fail to prove [Appellant's] status as a "sexually violent predator" when the Commonwealth's expert did not undergo an independent risk assessment as to the likelihood of re-offense and, instead, concluded in effect that all persons who have committed hands-on sexual offenses and who are diagnosed with pedophilic disorder, *ipso facto*, are "likely" to reoffend?

Appellant's Brief at 6.

Preliminary, we recognize the legal authority relevant to our analysis

as follows.

> This Court has explained the SVP determination process as follows:
>
>> After a person has been convicted of an offense listed in [42 Pa.C.S.A. § 9799.14], the trial [court] then orders an assessment to be done by the [SOAB] to help determine if that person should be classified as a[n SVP. An SVP] is defined as a person who has been convicted of a sexually violent offense ... and who [has] a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder,

---

[1] The appeal was withdrawn and discontinued on October 13, 2015; however, Appellant filed a petition for post-conviction collateral relief on October 29, 2015, after which the trial court reinstated his direct appeal rights *nunc pro tunc*. We further note that Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory.... Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Stephens*, 74 A.3d 1034, 1038–1039 (Pa. Super. 2013) (internal quotation marks, ellipsis, and citations omitted).

When performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S.A. § 9799.24(b).

***Commonwealth v. Hollingshead***, 111 A.3d 186, 189-190 (Pa. Super. 2015), *appeal denied*, 125 A.2d 1199 (Pa. 2015).

On appeal, a challenge to a determination of SVP status requires us to view the evidence in the light most favorable to the Commonwealth. ***Commonwealth v. Prendes***, 97 A.3d 337, 355-356 (Pa. Super. 2014), *appeal denied,* 105 A.3d 736 (Pa. 2014) (citation omitted). We may not weigh the evidence or substitute our judgment for that of the trial court, and our scope of review is plenary. ***Id.*** Further, an expert's opinion, "rendered to a reasonable degree of professional certainty, is **itself** evidence." ***Id.*** (emphasis in original).

Instantly, Appellant argues that the trial court improperly determined that he was an SVP, specifically disputing the determination of the Commonwealth's expert from the Sexual Offenders Assessment Board (SOAB) that Appellant was likely to reoffend. In particular, Appellant posits as follows.

> This appeal will require the Court to ascertain the meaning of the term "likely" in the statutory definition. The dictionary definition of "likely" is "highly probable." The SOAB employs an approach whereby "likely" means simply probable at most.
>
> [Appellant] maintains that the statutory definition of "likely" is "highly probable," and that such a statutory conclusion can only be arrived at by means of an independent risk assessment.

Appellant's Brief at 16.

- 4 -

We reject Appellant's argument, noting that Appellant fails to cite which dictionary he relies upon for his definition of "likely."[2] In addition, bearing in mind our standard of review as set forth above, we have reviewed both the applicable law and certified record in reaching our conclusion that Appellant's argument is without merit. Notably, the trial court observed that "the risk of re-offending is merely a factor to be considered in making an SVP determination, and not an independent element." Trial Court Opinion, 1/4/16, at 8; *accord Stephens*, *supra* at 1039. Upon careful review, we conclude the trial court's thorough and adept January 4, 2016 opinion is dispositive in this appeal, such that we adopt it as our own.[3] Our adoption of the trial court opinion is further supported by our desire to attempt to protect the privacy of the victim and the victim's family. Accordingly, in adopting the January 4, 2016 trial court opinion as our own, we have redacted the names and initials of the victim and the victim's family, and

_____

[2] Appellant's failure to cite to supporting authority can result in waiver. *Sackett v. Nationwide Mut. Ins. Co.,* 4 A.3d 637, 641 (Pa. Super. 2010) (finding appellant's issue waived due to failure to cite legal authority in support of claim), *appeal denied,* 34 A.3d 83 (Pa. 2011); *see also Samuel– Bassett v. Kia Motors Am., Inc.,* 34 A.3d 1, 29 (Pa. 2011) (holding that a party's failure to develop a claim in any meaningful fashion in its appellate brief is a sufficient basis in itself to reject the argument), *cert. denied, Kia Motors Am., Inc. v. Samuel–Bassett,* 133 S. Ct. 51 (2012).

[3] We note that the trial court thoughtfully addressed the testimony of both experts: the Commonwealth's expert, Dr. Robert Stein, the SOAB member who assessed Appellant; and Appellant's expert, Dr. Timothy Foley.

instruct the trial court and parties to do so in the event of future proceedings. We further direct the Prothonotary to seal the record.

Judgment of sentence affirmed. Record sealed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2016