J-S08043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CAROL MARIE POPP :
:
Appellant : No. 1403 MDA 2022

Appeal from the Judgment of Sentence Entered September 9, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001496-2021

BEFORE: OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JUNE 1, 2023**

Appellant, Carol Marie Popp, appeals from the judgment of sentence of imposed by the Court of Common Pleas of Dauphin County following her guilty pleas to eight counts of sexual assault, six counts of institutional sexual assault, three counts of indecent assault, and one count of criminal solicitation-tampering with evidence.[1] For the reasons set forth below, we affirm.

On November 22, 2021, Appellant pled guilty to the above offenses for committing numerous sex acts with an intellectually disabled and autistic male resident (Victim) of a group home where she was employed as an aide. N.T.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3124.1, 3124.2(a), 3126(a)(1), and 902(a), respectively.

Guilty Plea at 2-4; Written Guilty Plea Colloquy. These sex acts occurred between February 1 and February 22, 2021 and included urination and defecation on Victim in the course of the sexual conduct. N.T. Guilty Plea at 3-4. Following Appellant's guilty pleas, the court ordered that Appellant be assessed by the Sexual Offenders Assessment Board (SOAB) to determine whether she should be classified as a Sexually Violent Predator (SVP) under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.10, *et seq*. Trial Court Order, 11/29/21.

On September 9, 2022, the trial court held a hearing on whether Appellant should be classified as an SVP and to sentence Appellant. At this hearing, the trial court heard testimony from the SOAB evaluator who assessed Appellant and an expert retained by Appellant. N.T. SVP & Sentencing Hearing at 3-61. Following this testimony, the trial court found that Appellant was an SVP. **Id.** at 69. The trial court then imposed consecutive sentences of 3 to 6 years' incarceration and 2 to 4 years' incarceration for two of the sexual assault convictions, concurrent sentences of 3 to 6 years' incarceration for the remaining six sexual assault convictions, a consecutive sentence of 3 years' probation for one of the institutional sexual assault convictions, concurrent sentences of 1 to 2 years' incarceration for the other five institutional sexual assault convictions, concurrent sentences of 6 to 12 months' incarceration for the indecent assault convictions, and no further penalty for the criminal solicitation conviction, resulting in an

aggregate sentence of 5 to 10 years' incarceration followed by 3 years of probation. *Id.* at 81-85; Sentencing Order. This timely appeal followed.

In this appeal, Appellant challenges only the trial court's determination that she is an SVP. A defendant may be determined to be an SVP if she has been convicted of a sexually violent offense and, following an assessment by an SOAB evaluator, the Commonwealth proves by clear and convincing evidence at an SVP hearing that the defendant suffers from a mental abnormality or personality disorder that makes her likely to engage in predatory sexually violent offenses. 42 Pa.C.S. §§ 9799.12, 9799.24; *Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). Seventeen of Appellant's convictions were offenses defined by SORNA as sexually violent offenses on which an SVP determination can be based. 42 Pa.C.S. §§ 9799.12, 9799.14(b)(5), (6), (d)(5).

To prove the element of mental abnormality or personality disorder, "the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Hollingshead*, 111 A.3d at 189-90 (quoting *Commonwealth v. Stephens*, 74 A.3d 1034 (Pa. Super. 2013)). In addition, it must be shown that the defendant's conduct was predatory. *Hollingshead*, 111 A.3d at 190. Predatory conduct is defined as an "act directed at a stranger or at a person

with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9799.12.

In performing an SVP assessment, the evaluator must consider all of the following 15 factors:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

- 4 -

> (4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. § 9799.24(b); *see also Hollingshead*, 111 A.3d at 190. An expert testifying in support of an SVP designation must opine on whether the defendant has a propensity to reoffend, but the risk of reoffending is only a factor that must be considered in making the SVP assessment, not a separate requirement that must be satisfied. *Hollingshead*, 111 A.3d at 190, 194; *Stephens*, 74 A.3d at 1038-39. In evaluating the sufficiency of the evidence to support an SVP designation, this Court may not reweigh the factors that are relevant to whether the defendant is an SVP and must limit its review to whether the facts on which the SVP determination is based are supported by sufficient evidence. *Commonwealth v. Meals*, 912 A.2d 213, 220-25 (Pa. 2006).

The evidence at the SVP hearing in this case consisted of the testimony of the SOAB evaluator and Appellant's expert. The SOAB evaluator opined that Appellant suffered from other specified paraphilic disorder, with the specifications of non-consent, sadism, masochism, urophilia, coprophilia, and fetish. N.T. SVP & Sentencing Hearing at 8. The SOAB evaluator testified that this diagnosis was supported by the evidence of the persistence of the acts (at least eight incidents over a three-week period), the intensity of the acts, the lack of consent, and the nature of the sexual behaviors, which included urine, feces, physical assault, humiliating Victim, having him physically assault her, and fetishes of having Victim wear makeup, the use of whip cream, and

Appellant dressing Victim in bras and panties. *Id.* at 9-12, 28-29. The SOAB evaluator acknowledged that the conduct lasted only three weeks, that there was no prior history of sexual crimes or abnormalities, and that the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5) lists a six-month or greater duration as a diagnostic criterion, but concluded that the number of incidents in the three-week duration was sufficient to support the diagnosis, given the nature of the acts. *Id.* at 10-12, 19-20, 23-27, 39-40. The SOAB evaluator also opined that Appellant engaged in predatory behavior and presents a risk of committing sex crimes, absent treatment and lifetime counseling, basing these opinions on the fact that Appellant committed her crimes in a caregiver relationship and on the nature of the disorder and the nature of Appellant's behavior. *Id.* at 6-7, 12-16.[2] The SOAB evaluator opined, based on these conclusions and factors, that Appellant met the criteria to be classified as an SVP. *Id.* at 16-17.

Appellant's expert opined that Appellant could not be diagnosed as having other specified paraphilic disorder because the behavior did not persist for six months or longer and that Appellant did not meet the criteria for

_____

[2] The SOAB evaluator also testified concerning the other factors set forth in SORNA, the mental capacity of Victim, which supported the SVP designation, and the fact that there was only a single victim, the absence of a past history of sexual crimes or abnormalities or of any criminal history other than a retail theft more than 35 years earlier, the absence of drug use, and Appellant's and Victim's ages, which did not weigh in favor of SVP status. N.T. SVP & Sentencing Hearing at 18-23.

classification as an SVP because without that diagnosis, the requirement of a mental abnormality or personality disorder was not satisfied. N.T. SVP & Sentencing Hearing at 43-50. Appellant's expert, however, conceded that Appellant's behavior was predatory, that Appellant met the diagnostic criteria for a provisional diagnosis of other specified paraphilic disorder, a conclusion that she could be diagnosed with that disorder if the behavior continued to the point that it satisfied the six-month requirement, and that Appellant should never be permitted to be a caregiver again. *Id.* at 50, 55-58.

The trial court found the testimony of the SOAB evaluator credible and based its SVP determination on his testimony. Trial Court Opinion at 4-6. Appellant argues that this testimony was insufficient to prove that she has a mental abnormality or personality disorder and that she therefore could not be found to be an SVP. We do not agree.

The SOAB evaluator diagnosed Appellant as suffering from the mental abnormality of other specified paraphilic disorder, with the specifications of non-consent, sadism, masochism, urophilia, coprophilia, and fetish. N.T. SVP & Sentencing Hearing at 8. Although the six-month duration that DSM-5 lists as a criterion in diagnosing other specified paraphilic disorder was not satisfied, the SOAB evaluator explained that DSM-5 does not require that duration where the acts are persistent and intense and that the frequency and nature of Appellant's sexual assaults showed persistence and intensity. *Id.* at 9-12, 24-27, 39-40. Moreover, the fact that Appellant's assaults continued

for only three weeks was not due to Appellant losing interest in or choosing to give up this behavior. The SOAB evaluator testified that Appellant's conduct ceased only because it was discovered and she was removed from caring for Victim. *Id.* at 16. The SOAB evaluator's testimony was therefore sufficient to prove that Appellant suffers from a mental abnormality or personality disorder that makes her likely to engage in predatory sexual offenses.

Appellant also argues that the SOAB evaluator's testimony was insufficient because it did not show that she is likely to reoffend. This fails for two reasons. First, it is inaccurate. The SOAB evaluator testified that Appellant's mental abnormality, other specified paraphilic disorder, is treatable, but not curable, and that individuals with that disorder are a risk to reoffend even if they are in remission. N.T. SVP & Sentencing Hearing at 12-14. The SOAB evaluator also opined that Appellant would continue to have the urges that led to her crimes and that she has a likelihood of reoffending if she has access to vulnerable individuals. *Id.* at 14-16.

Second, even if the evidence did not support the conclusion that Appellant's diagnosis makes her likely to reoffend, that would not make it insufficient to support her SVP designation. As noted above, a finding that the defendant is likely to reoffend is not a requirement for an SVP designation. *Hollingshead*, 111 A.3d at 190, 194; *Stephens*, 74 A.3d at 1039. Rather, it is only a factor that must be considered in evaluating whether the defendant is an SVP and on which the Commonwealth's expert must opine.

*Hollingshead*, 111 A.3d at 190, 194; *Stephens*, 74 A.3d at 1038-39. That requirement was satisfied here, as the SOAB evaluator testified that he considered the likelihood that Appellant would reoffend and opined on that likelihood.  N.T. SVP & Sentencing Hearing at 12-16.

For the foregoing reasons, we conclude that the issue raised by Appellant in this appeal lacks merit.  We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/01/2023