J-S26009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NORMAN DELANO MOORE | : | |
| | : | |
| Appellant | : | No. 1651 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 7, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000645-2023

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: AUGUST 12, 2025**

Norman Delano Moore appeals from the judgment of sentence, entered in the Court of Common Pleas of Lackawanna County, following his negotiated guilty plea to one count of corruption of minors—course of conduct—defendant age 18 and up.[1]  After careful review, we affirm on the basis of the well-written opinion authored by the Honorable Michael J. Barasse.[2]  **See** Trial Court Opinion, 3/20/25, at 1-10.

The factual and procedural histories of this case are more thoroughly set forth in the trial court opinion, which we adopt.  **See id.** at 1-5.  Briefly, between April 1, 2020 and October 13, 2020, Moore sexually assaulted J.M.,

_____

[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[2] Despite adopting Judge Barasse's opinion, we note that Judge Barasse, in the opening paragraph of his opinion, incorrectly uses the wrong name when referring to Moore.  **See** Trial Court Opinion, 3/20/25, at 1.

a 13-year-old girl.  As a result, the Commonwealth charged Moore with, *inter alia*, the above-mentioned offense.[3]  Ultimately, on June 10, 2024, Moore entered into a negotiated guilty plea wherein he agreed to plead guilty to one count of corruption of minors—course of conduct—defendant age 18 and up, graded as a felony of the third degree, and to a negotiated sentence of time served to 24 months' incarceration followed by five years' probation.  In exchange, the remaining offenses were nolle prossed.

Following Moore's guilty plea, the trial court, pursuant to the Sexual Offenders Registration and Notification Act, conducted a colloquy and Moore underwent an assessment by the Sexual Offender Assessment Board (SOAB).  Paula Brust, a SOAB member, conducted Moore's assessment.

On October 7, 2024, the trial court conducted a combined sexually violent predator (SVP) and sentencing hearing at which Brust testified.  Brust testified that she reviewed various pieces of evidence, including, but not limited to Moore's prior criminal history, prior involvement with drugs, prior high school history, and actions in the instant case.  **See** Trial Court Opinion, 3/20/25, at 2-5 (trial court summarizing Brust's testimony).  Ultimately, Brust concluded that Moore met the SVP requirements.  The trial court accepted Brust as an expert,[4] found her credible, and concluded that Moore is an SVP.

---

[3] The trial court sets forth the numerous charges the Commonwealth brought against Moore.  **See id.** at 1-2.

[4] The parties stipulated that Brust was an expert in sexual deviancy and predatory tactics.  **See** N.T. Sentencing Hearing, 10/7/24, at 4-5.

*See* N.T. Sentencing Hearing, 10/7/24, at 38. As a result, the trial court sentenced Moore to the negotiated sentence of time served to 24 months' incarceration, followed by five years' probation, and designated Moore as an SVP subject to lifetime registration.

Moore did not file any post-sentence motions. Moore filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion.

Moore now raises the following claim for our review: "Whether the trial court committed an error of law and/or of fact in finding that the Commonwealth met its burden of proving that [Moore] is a[n SVP], tier 1, requiring a lifetime registration[?]" Brief for Appellant, at 4.

Moore challenges his SVP designation. *See id.* at 12-17. Specifically, Moore argues that the trial court erred in designating him as an SVP and that Brust's testimony did not satisfy the clear and convincing evidentiary standard. *See id.* Moore acknowledges that our standard of review requires us to consider the facts in the light most favorable to the Commonwealth as verdict winner. *See id.* at 12-13. Additionally, in the alternative, Moore argues that even if Brust's testimony were accepted as true, there is no evidence that the instant case involved multiple victims, violence, or threats. *See id.* at 17-19.

In considering the evidence supporting an SVP designation, we recognize:

In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is an SVP. . . . [We] view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015) (citation and brackets omitted); *see also Commonwealth v. Meals*, 912 A.2d 213, 219 (Pa. 2006) ("The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.") (citation and brackets omitted).

Upon review of the record, it is clear that the trial court properly found Brust to be credible and, relying upon her credible testimony, aptly concluded that Moore satisfies the SVP designation requirements. *See* Trial Court Opinion, 3/20/25, at 6-10. Indeed, the record reflects that, in the light most favorable to the Commonwealth, the evidence is sufficient to meet the clear and convincing standard and, thus, the trial court properly concluded that Moore is an SVP. *See Hollingshead*, *supra*.

Thus, mindful of the record, the applicable standard of review, the relevant case law, and the parties' briefs, we affirm on the basis of the trial court opinion. *See id.* at 1-10. Consequently, we afford Moore no relief. The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

- 4 -

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025

COMMONWEALTH OF PENNSYLVANIA

v.

NORMAN MOORE

:  IN THE COURT OF COMMON PLEAS
:  OF LACKAWANNA COUNTY
:  CRIMINAL DIVISION
:
2025 MAR 20 P 2: 22
:
:  23 CR 645

## OPINION

### BARRASSE, J.

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure and pursuant to the request of the Pennsylvania Superior Court. Bradley Davis (hereinafter "Appellant") appeals this Court's October 7, 2024 judgement of sentence. The Appellant's issues on appeal are as follows:

1. **Whether the Court committed error of law and/or of fact in finding that [the] Commonwealth met its burden of proving that the Defendant is a sexually violent predator, Tier I, requiring a lifetime registration?**

For the following reasons, including a review of the record and the facts and history of the case, as well as the Appellant's individual characteristics, this Court's October 7, 2024 judgment of sentence should be affirmed.

### FACTUAL AND PROCEDURAL HISTORY

The instant matter, docketed to 23 CR 645, stems from an incident that took place between April 1, 2020, and October 13, 2020, wherein the Commonwealth alleged that Appellant sexually assaulted a thirteen-year-old female, J.M. The Commonwealth, via Criminal Information, charged Appellant with one (1) count each of Statutory Sexual Assault, Unlawful Contact with a Minor – Sexual Offenses, Involuntary Deviate Sexual Intercourse with a Person Less Than 16 Years, Statutory Sexual Assault: 11 Years Older, Incest of a Minor, Aggravated Indecent Assault- Complainant Less Than 16 Years, Aggravated Indecent Assault without Consent, Corruption of Minors, and Indecent

Assault – Person Less Than 16 Years. Appellant waived his right to a preliminary hearing, on March 21, 2023. On June 10, 2024, Appellant entered a plea of guilty to one (1) count of Corruption of Minors, graded as a felony of the third degree. **See Written Guilty Plea Colloquy – June 10, 2024; N.T. Guilty Plea – June 10, 2024**. Following the entry of the guilty plea, a Sexual Offenders Registration and Notification Act (SORNA) colloquy was conducted and Appellant was directed to undergo an assessment with the Pennsylvania Sexual Offender Assessment Board (SOAB). **N.T. Guilty Plea – 1/9/2023, p. 4**.

After the completion of the SOAB assessment, sentencing in the above-captioned matter was held on October 7, 2024. At Appellant's sentencing hearing, the Commonwealth elicited testimony from SOAB member Paula Brust, related to Appellant's Sexually Violent Predator (SVP) designation. The parties stipulated to Ms. Brust's qualifications, wherein she was accepted as an expert in the area of sexual deviancy and predatory tactics. **N.T. SORNA Hearing and Sentencing, October 7, 2024, p. 4-5**

Ms. Brust testified that she conducted Appellant's SVP Assessment and analyzed the fourteen (14) factors that SORNA requires. **Id. at 6-8**. Ms. Brust indicated that she reviewed multiple items as part of her assessment, which are listed on page one (1) of her of her assessment report. **Id. at 7**. Specifically, Ms. Brust's report indicated that she reviewed the following items:

- SOAB investigator report (7-2-24)
- Lackawanna County Court Order for Assessment (6-10-24)
- Defense Attorney Nonresponse (6-20-24)
- Child Protective Services Indicated Report (3-25-21)
- Child Protective Services Indicated Report (12-9-20)
- Guilty Plea Colloquy (6-10-24)

2

- Transcripts of Proceedings (6-10-24)
- Criminal Information re: 645 of 2023
- Police Criminal Complaint (11-18-20)
- Affidavit of Probable cause (11-18-20)
- CAC Evaluation (10-15-20)
- Scranton Police Report (10-13-20)
- Maryland Judiciary Search (4-15-21)
- Montgomery County Incident Report (6-25-24)
- DOC Records
- JNET Federated Search
- Correspondence

**Sexually Violent Predator Assessment, p. 1.**

Ms. Brust testified that upon her review of the relevant documents and information, Appellant met the criteria for other specified personality disorder with anit-social features. **N.T. 10/7/2024, p. 13-14; SVP Assessment, p. 6.** Ms. Brust testified that "on repeated occasions over a lengthy period of time [Appellant] touched the victim's vagina, penetrated her vagina with his fingers, performed oral sex on her, had her perform oral sex on him, penetrated her vagina with his penis, digitally penetrated her anus, ejaculated in her presence, bought her a vibrator, showed her how to use it, showed her pornography…had her sleep in the bed with him…had her participate in sexual acts with another minor for his sexual gratification." **N.T. 10/7/2024, p. 10.**

She further stated that Appellant had previous childhood behavioral problems, specifically Appellant was expelled from school, participated in reckless activities, that is selling drugs and being convicted of drug offenses. **Id. at 14.** She indicated that those factors are associated with a risk for Appellant to re-offend. **Id.** Ms. Brust testified that based on her assessment, she determined that Appellant, related to the offenses at issue, "did engage in predatory behavior" **Id. at 15.** Specifically, Ms. Brust testified, that Appellant "showed planning and intent. He made his daughter sleep in bed with him. He

3

sexually assaulted her in Allentown, Scranton, the Poconos, in a hotel where her brother was lying right next to her in bed…He made her his sex object." **Id.** She further testified that pursuant to the police reports Appellant would make the victim sleep in bed with him rather than her own mother. **Id.** Ms. Brust testified that she reached her "[w]ithin a reasonable degree of professional certainty…that [Appellant met] the criteria set forth in Pennsylvania law to be classified as a sexually violent predator." **Id. at 15-16.**

During cross-examination, Appellant's counsel called into question as to whether Ms. Brust recalled the underlying factual basis for Appellant's guilty plea to the offense of corruption of minors. **Id. at 16-18.** Specifically, as to whether those underlying facts included allegations of any physical sexual contact. **Id. at 17.** Ms. Brust indicated that she did not recall the underlying factual basis related to Appellant's plea of guilty to the corruption of minors offense. **Id.** Ms. Brust indicated that she utilized the allegations contained criminal complaint to understand the facts and circumstances of the underlying case against Appellant. **See id. at 17-19.** Defense counsel pointed out that Ms. Brust utilized the allegations contained in the criminal complaint, she failed to independently verify the veracity of the information contained therein. **See id. 18-19.**

During cross-examination, defense counsel also called into question Ms. Brust's diagnosis the Appellant suffered from a personality disorder through her utilization of Appellant's past criminal conduct that took place in 2009 as well as criminal charges in Montgomery County, Maryland, stemming from 2022, which were eventually nolle prossed. **Id. at 20-26.**

Defense counsel also inquired as to Ms. Brust's determination of Appellant's deceitfulness **Id. at 26.** Ms. Brust stated that Appellant claimed he had a "'[p]erfect

4

relationship with his teachers and classmates.'" **Id.** However, she pointed out that that appeared untrue since Appellant was expelled for fighting and/or behavior issues. **See id.** She also pointed out that she found grounds for Appellant's deceitfulness utilizing PA Department of Labor and Industry records, which reported no employment information for Appellant. **Id. at 26-27.** Ms. Brust testified that Appellant indicated that he worked various jobs and was never fired, and "admitted to making money illegally by selling drugs. **Id. at 27.**

Ms. Brust indicated that reviewing Appellant's history, as whole, she determined he possessed irritability or aggressiveness related to the diagnosis of suffering from a mental illness, disability or abnormality. Including, his behavior of engaging in fighting as a child as well as the criminal allegations related to the instant matter. **Id. at 29-30.**

Following Ms. Brust's testimony, this Court found "that the Commonwealth has proven the [Appellant] to be a sexually violent predator. **Id. at 38.** This Court, pursuant to negotiated plea and agreement between the parties, imposed the following sentence related to the case docketed to **23 CR 645:**

- Corruption of Minors: time-served to twenty-four (24) months, followed by five (5) years probation, consecutive.

**Id. at 41.**

The imposed sentence fell within the standard guideline range. Appellant failed to file any post-sentence motions. Appellant timely filed the instant appeal.

## DISCUSSION

1. **Whether the Court committed error of law and/or of fact in finding that [the] Commonwealth met its burden of proving that the Defendant is a sexually violent predator, Tier I, requiring a lifetime registration?**

5

Appellant challenges that the Commonwealth failed to meet its burden that Appellant is a sexually violent predator (SVP), that this Court erred and abused its discretion when it determined that the Commonwealth met its burden by clear and convincing evidence that Appellant met the criteria to be designated a SVP, and whether the SOAB member conducted the SVP assessment pursuant to the law and SOAB rules.

In Pennsylvania, assessments are mandated via statute. **42 Pa.C.S.A. § 9799.24.** Specifically, following an individual's conviction of a triggering offense, a court must enter an order indicating that the SOAB conduct such assessment. Further, the standards, by which, evaluators determine a convict's SVP status are also mandated by statute. **§ 9799.24(b)**. Pursuant to § 9799.24(b), during an assessment, an evaluator must examine certain information, including, but not limited to, the following:

> (1) Facts of the current offense, including:
>> (i) Whether the offense involved multiple victims.
>> (ii) Whether the individual exceeded the means necessary to achieve the offense.
>> (iii) The nature of the sexual contact with the victim.
>> (iv) Relationship of the individual to the victim.
>> (v) Age of the victim.
>> (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
>> (vii) The mental capacity of the victim.
> (2) Prior offense history, including:
>> (i) The individual's prior criminal record.
>> (ii) Whether the individual completed any prior sentences.
>> (iii) Whether the individual participated in available programs for sexual offenders.
> (3) Characteristics of the individual, including:
>> (i) Age of the individual.
>> (ii) Use of illegal drugs by the individual.
>> (iii) A mental illness, mental disability or mental abnormality.

6

> (iv) Behavioral characteristics that contribute to the individual's conduct.
>
> (4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

**Id.**

Following said assessment, the SOAB must submit to the district attorney, a written report containing its assessment, along with a summary of the offense or offenses that trigger the application of the SOAB assessment. **§ 9799.24(d), (d.1)**. That summary must include, at least, the following:

> (1) A concise narrative of the offender's conduct.
>
> (2) Whether the victim was a minor.
>
> (3) The manner of weapon or physical force used or threatened.
>
> (4) If the offense involved unauthorized entry into a room or vehicle occupied by the victim.
>
> (5) If the offense was part of a course or pattern of conduct involving multiple incidents or victims.
>
> (6) Previous instances in which the offender was determined guilty of an offense subject to this subchapter or of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses).

**Id. at § 9799.24(d.1)**.

Section 9799.24(e) governs the hearing related to the individual's classification as a SVP. Such a hearing shall be scheduled upon a praecipe filed by the district attorney and notice of said hearing shall be provided to the individual, their attorney, and the district attorney. **§ 9799.24(e)(1)-(2)**. Following that hearing and prior to sentencing, "the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator." **§ 9799.24(e)(3)**.

Generally, when such a hearing takes place, the Commonwealth will elicit testimony from the evaluator, who is both a member of the SOAB and an expert in the

7

field of behavior and treatment of sexual offenders. **See 42 Pa.C.S.A. § 9799.35**. Where such a witness is called and admitted as an expert witness, Pennsylvania Rules of Evidence 702 and 703 govern the expert's testimony and the bases of any expert opinion that the expert witness renders or has rendered. **See Pa.R.Evid. 702, 703**. Specifically,

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

**Pa.R.Evid. 703; see also Commonwealth v. Towles, 106 A.3d 591, 605 (Pa. 2014)** (*holding* "An expert opinion may be based on inadmissible facts or facts not in evidence, including other expert opinions and hearsay statements, as long as such facts are of a type reasonably relied on by experts in that profession."). Thus, when formulating their expert opinion on a matter, an expert may utilize documents from outside sources in order to render their opinion and craft an expert report on a matter. As such, when a witness has been properly qualified and accepted as an expert witness, that witness may base their opinion on information that would otherwise be inadmissible, so long as the expert has been made aware of or personally observed the information and experts in that field would also rely on that information in rendering an opinion on the same subject. Where those elements are met, Rule 703 allows that expert opinion and/or report to be admitted.

In the instant matter, Appellant was convicted of a triggering offense and an assessment pursuant to § 9799.24 was conducted. Following the assessment, a hearing to determine Appellant's SVP status was held, wherein SOAB member Paula Brust testified. Ms. Brust was properly qualified and admitted as an expert witness. During her testimony, Ms. Brust indicated all of the information she utilized in order to render her

8

opinion was contained in her assessment report, which was admitted into evidence as Commonwealth's Exhibit 2. **N.T. SORNA Hearing and Sentencing, October 7, 2024, p.7**. Ms. Brust testified that she conducted the assessment pursuant to the factors contained in and required by § 9799.24(b). **Id.** at 8. She testified that following her review of the information she determined that Appellant met the criteria to be considered a SVP. **Id.** at15-16. Additionally, Ms. Brust testified that even though she was unable to interview Appellant as part of the assessment, that fact did not affect her conclusion regarding the evaluation and assessment. **Id.** at 6.

Although much of the information that Ms. Brust utilized in forming her opinion would otherwise be inadmissible, pursuant to Pennsylvania Rule of Evidence 703, this Court properly allowed for the admission of Ms. Brust's expert opinion and expert report thereto. Additionally, from this Court's review of 42 Pa.C.S.A. § 9799.24, which governs the required assessment to determine an individual's SVP status, it appears that there exists no requirement that an evaluator interview the individual. Further, there exists no section or subsection that compels the individual to participate in said assessment.

Following the hearing, this Court determined, based upon the entirety of Ms. Brust's testimony, which includes, but is not limited to, this Court's summation above, that the Commonwealth met its burden and proved by clear and convincing evidence that Appellant is a SVP. **See generally N.T. SORNA Hearing and Sentencing, October 7, 2024.**

## CONCLUSION

Therefore, for the foregoing reasons, this Court's October 7, 2024 judgment of sentence should be affirmed.

BY THE COURT:

_____, J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by emailing time-stamped copies to the following individuals:

Lisa A. Swift, Esq.
Donna DeVita, Esq.

10